IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ZF MERITOR LLC and MERITOR TRANSMISSION CORPORATION, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. No. 06-623-SLR |
| EATON CORPORATION, | ) ) ) | |
| Defendant. | ) | |

**O R D E R**

At Wilmington this 13th day of June, 2007, having reviewed the papers filed in connection with defendant's motions to dismiss or, in the alternative, to transfer;

IT IS ORDERED that said motions (D.I. 7, 9) are denied, for the reasons that follow:

1. **Motion to dismiss.** In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Id. Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief. See Conley v. Gibson, 355

U.S. 41, 45-46 (1957). The moving party has the burden of persuasion. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

2. Defendant posits that dismissal of this case, before the completion of discovery, is warranted because the complaint describes "competitive" conduct, not "anticompetitive" conduct; hence, there cannot be antitrust injury. In support of its motion, defendant describes its version of the facts related to the health of the trucking industry and its reaction to such over the last decade. While the court recognizes that antitrust litigation is a burden, the court cannot dismiss a case based on the defendant's characterization of the relevant facts at this stage of the proceedings. The court, instead, will expect the parties to be prepared at the scheduling conference to talk about staged discovery in order to target the evidence necessary to resolve this case fairly and efficiently.

3. **Motion to transfer.** Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice. Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp.2d 192, 208 (D. Del. 1998). The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants." Bergman v. Brainin, 512 F. Supp. 972, 973 (D. Del. 1981) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). "Unless the balance is strongly in favor of a transfer, the

2

plaintiff's choice of forum should prevail". ADE Corp. v. KLA-Tencor Corp., 138 F. Supp.2d 565, 567 (D. Del. 2001); Shutte, 431 F.2d at 25.

4. Plaintiffs are incorporated in Delaware. Defendant is a billion-dollar company with nationwide operations that has litigated in Delaware on multiple occasions. Discovery will take place nationwide, regardless of where trial is conducted. In this day and age, most witnesses are presented at trial via electronically recorded depositions rather than presented live. At this stage of the proceedings, therefore, defendant has presented to the court neither a viable obstacle to conducting trial in Delaware nor a persuasive reason of convenience to conducting trial elsewhere.

United States District Judge