UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

|  |  |
|---|---|
| ZF MERITOR LLC and MERITOR TRANSMISSION CORPORATION, )<br>)<br>)<br>) | |
| Plaintiffs, ) | Civil Action No. 06-623-SLR |
| )<br>v. )<br>) | |
| EATON CORPORATION, )<br>) | |
| Defendant. )<br>) | |

**PLAINTIFFS ZF MERITOR LLC AND MERITOR TRANSMISSION CORPORATION'S OPPOSITION TO DEFENDANT'S MOTION FOR REARGUMENT**

As a threshold matter, Defendant Eaton's motion for reargument is time-barred. This Court filed its Order, denying Defendant's motion to dismiss and motion to transfer, on June 13, 2007. (Order, D.I. 17, filed June 13, 2007.) Pursuant to local rule, a "motion for re-argument shall be served and filed within 10 days after the filing of the Court's opinion or decision." D. Del. LR 7.1.5.[1] Accordingly, the rules required Eaton to file a motion for reargument by June 27, 2007. See Fed. R. Civ. P. 6(a). Eaton did not file its motion until June 29, 2007. (Mot. for Reargument ("Mot."), D.I. 27, filed June 29, 2007.)

In any event, there is no need for reargument. Defendant based its motion to dismiss on the flawed contention that ZF Meritor failed to adequately allege "antitrust injury."

---

[1] Amendments to the local rules became effective one day after Defendant filed its motion for reargument. The amendments do not alter the timing requirements of R. 7.1.5, though they do clarify the standard of review for such motions: "Motions for reargument shall be sparingly granted." D. Del. LR 7.1.5 (amendment effective June 30, 2007). See also Karr v. Castle, 768 F. Supp. 1087, 1090 (D. Del. 1991) (setting forth the "sparingly granted" standard of review).

Unsuccessful with that motion, Defendant now seeks to raise the bar for the satisfactory pleading of antitrust injury by referencing the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007). Yet Twombly does not address antitrust injury.[2] Rather, the Court addressed "the proper standard for pleading an antitrust conspiracy through allegations of parallel conduct," and held that "stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made." Id. at 1963, 1964-65. The existence of the agreement must be "plausible on its face." Id. at 1974. In so ruling, the Court rejected a literal reading of the language in Conley v. Gibson that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[3]

Eaton does not challenge the adequacy of ZF Meritor's Sherman Act, Section 1 allegations – the subject of Twombly. And in denying Eaton's motion to dismiss, this Court did not embrace a literal reading of the "no set of facts" language of Conley – it did not state or suggest a rationale in rendering its decision inconsistent with the Third Circuit's narrow interpretation of Conley (or the pleading standards set forth in Twombly):

> Even given the teachings of Conley, which we must follow in all events, the plaintiff must allege sufficient facts in the complaint to survive a Rule 12(b)(6) motion. Confronted with such a motion, the court must review the allegations of fact contained in the complaint; for this purpose the court does not consider conclusory recitations of law.

Commonwealth of Pa. ex. rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 179 (3d Cir. 1988).

---

[2] 127 S. Ct. at 1984 ("Nor does the Court hold that these plaintiffs have failed to allege an injury entitling them to sue for damages under [the antitrust] laws") (Stevens, J., dissenting) (citing Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 489-490 (1977)).

[3] 355 U.S. 41, 45-46 (1957). See 127 S. Ct. at 1959-60.

Indeed, the ZF Meritor Complaint details the antitrust injury inflicted by Eaton's conduct, including the fact that Eaton foreclosed its only meaningful competitor from the relevant transmission markets. (Compl., D.I. 1 ¶¶ 55, 60, 62, 67, 71-74.) Eaton "harmed competition by limiting consumer choice, eliminating competitive checks on pricing, suppressing innovation, and foreclosing an efficient and significant competitor from the markets for Class 8 Transmissions." (Id. ¶ 75; see also id. ¶¶ 3, 36, 53, 59, 66, 70, 76-77, 91, 96.) These allegations of harm certainly constitute "plausible" antitrust injury. See, e.g., Gill v. Del. Park, LLC, 294 F. Supp. 2d 638, 643 (D. Del. 2003) (citing Fuentes v. S. Hills Cardiology, 946 F.2d 196, 202 (3d Cir. 1991)) (antitrust injury properly pled when plaintiff alleges it has been excluded from a market, resulting in decreased competition).

Unable to challenge the depth of ZF Meritor's factual allegations, Eaton's current motion, like its original motion, turns to, and suffers from, a mischaracterization of the allegations. It rehashes Defendant's view that "Eaton lowered its prices and locked itself into those lower prices …." (Mot., D.I. 27 at 3.) This Court appropriately rejected that view, explaining, "the court cannot dismiss a case based on the defendant's characterization of the relevant facts at this stage of the proceedings." (Order, D.I. 17 at 2.) It should not revisit those arguments. See Waters Techs. Corp. v. Applera Corp., No. C.A. 02-1285 GMS, 2004 WL 57217, at *1 (D. Del. Jan. 13, 2004) ("motions for reconsideration 'should not be used to rehash arguments already briefed'") (citation omitted).

**CONCLUSION**

For the reasons set forth above, Defendant's Motion for Reargument should be denied.

                                          OBERLY, JENNINGS & RHODUNDA, P.A.

Dated: July 11, 2007                /s/ Karen V. Sullivan
                                        Charles M. Oberly, III (No. 743)
                                        Karen V. Sullivan (No. 3872)
                                        1220 Market Street, Suite 710
                                        P.O. Box 2054
                                        Wilmington, DE  19899
                                        (302) 576-2000 – Telephone
                                        (302) 576-2004 – Facsimile

                                        R. Bruce Holcomb
                                        Christopher H. Wood
                                        Charles E. Luftig
                                        DICKSTEIN SHAPIRO LLP
                                        1825 Eye Street NW
                                        Washington, DC  20006-5403

                                        Attorneys for Plaintiffs ZF Meritor LLC
                                        and Meritor Transmission Corporation

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ZF MERITOR LLC and MERITOR TRANSMISSION CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 06-623-SLR |
| v. | ) ) ) | |
| EATON CORPORATION, | ) ) | |
| Defendant. | ) ) | |

## **ORDER**

This matter is before the Court on the Motion of Defendant Eaton Corporation ("Eaton") for reargument of the Court's June 13, 2007 Order Denying Eaton's Motion to Dismiss. Upon consideration of Eaton Corporation's Motion for Reargument and Plaintiffs' opposition thereto, IT IS HEREBY ORDERED that Eaton Corporation's Motion for Reargument (D.I. 27) is hereby DENIED.

SO ORDERED this ____ day of _____, 2007.

_____
Sue L. Robinson, United States District Judge