IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZF MERITOR LLC and MERITOR TRANSMISSION CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> EATON CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 06-623-SLR |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF**
**EATON CORPORATION'S MOTION FOR RECONSIDERATION**

In order to state a valid antitrust claim, a plaintiff must allege **facts** that plausibly meet each element of the proposed cause of action. Those are the "general standards" for all antitrust claims established by the Supreme Court earlier this summer in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) ("facts").

The Court did not apply *Twombly* in its June 13, 2007 Order and, instead, relied upon language from an earlier case, *Conley v. Gibson*, 355 U.S. 41 (1957). *Twombly* expressly disavowed the precise *Conley* language relied upon by this Court. *Twombly*, 127 S. Ct. at 1969 ("this famous observation has earned its retirement" and is "best forgotten"). The change is significant and warrants reconsideration of the Court's Order and dismissal of Plaintiffs' Complaint.[1]

---

[1] Plaintiffs argue that *Twombly* only narrowly applied to the "agreement" element of a Sherman Act Section 1 case, but that is wrong on its face. *Twombly* itself expressly ruled on the broad "antecedent question" of the appropriate pleading standard for any case under Fed. R. Civ. P. 8(a)(2) and concluded that there were "general standards," based on Rule 8's language requiring a complaint to state the "grounds" that entitle a plaintiff to relief, that require a plaintiff to plead facts that plausibly meet each element of the proposed cause of action. *Twombly*,

*Twombly* requires "more than labels and conclusions." It requires facts. *Twombly*, 127 S. Ct. at 1964-65 ("factual matter"). But "labels and conclusions" are precisely what plaintiffs here have alleged, as their Opposition makes plain. Plaintiffs argue that their Complaint sufficiently alleges "antitrust injury" simply because it asserts that Eaton "harmed competition by limiting consumer choice, eliminating competitive checks on pricing, suppressing innovation, and foreclosing an efficient and significant competitor from the markets for Class 8 Transmissions." Opposition at 3 (citing Compl. ¶ 75).

Plaintiffs' allegations are precisely the type that *Twombly* disavows. The Complaint does not contain any facts plausibly demonstrating that Eaton has "eliminat[ed] competitive checks on pricing," for example. In the first place, it does not allege facts demonstrating that Plaintiffs were a competitive check on heavy duty transmission prices. Second, and more importantly, it does not allege that Eaton raised prices (or is likely to do so) following any alleged elimination of checks on pricing. On the contrary, the Complaint alleges facts that demonstrate the opposite: that Eaton lowered its prices and locked itself into multi-year contracts at those lower prices. Compl. ¶ 49 ("millions in annual rebates and other incentives"), 57 ("incentives"), 58 ("compelling incentives"), 61 ("rebates"), 65 ("incentives" "price reductions"), 68 ("rebates"), 72 ("rebates"). Nor does the Complaint allege any facts supporting the conclusion that Eaton somehow "suppress[ed] innovation." There are facts in the Complaint - - but they demonstrate Eaton's history of bringing new products onto the market. Compl. ¶¶ 33 (Eaton's introduction of manual heavy duty transmissions), 37 (Eaton's introduction of Top 2 and AutoSelect automated transmissions), 42 (UltraShift automated), 49 (13-18-speed manuals). The Complaint does not allege any facts indicating that Eaton has stopped (or is likely to stop) developing and bringing new transmission products to market. Simply pasting a conclusory label on facts that show that Eaton lowered prices and designed, manufactured and brought numerous new products to market

---

127 S. Ct. at 1964-65. It then applied these general standards to the agreement element of a Section 1 claim. *Id. Conley v. Gibson* likewise concerned a broad pleading standard, although the Court in that case applied to a claim brought under the Railway Labor Act (not the antitrust laws). 355 U.S. 41 (1957).

- - by asserting that Eaton "harmed competition" without alleging any facts demonstrating a likelihood of supracompetitive prices or decreased innovation - - is not enough under *Twombly*.

The only other allegation Plaintiffs point to is their assertion that Eaton harmed *them* by "foreclosing" *them* from the alleged Class 8 transmission markets. Opposition at 3 (citing Compl. ¶ 75).[2] But that is not enough to state a valid claim: an injury to a competitor is not injury to competition, which is a required element of every antitrust claim. Eaton's Mem. In Supp. of Mot. For Reargument at 2-3 (citing cases); s*ee also United States v. Dentsply Int'l, Inc.*, 399 F.3d 181, 187 (3d Cir. 2005) ("[t]here must be proof that competition, not merely competitors, has been harmed").

Eaton's opening brief cited cases holding that the "exclusion of competitors is cause for antitrust concern only if it impairs the health of the competitive process itself." *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 394 (7th Cir. 1984). The health of the competitive process is impaired only when the "probable (not certain) effect of the exclusion will be to raise prices above (and therefore reduce output below) the competitive level, or otherwise injure competition." *Id.*; *see also* Eaton's Mem. In Supp. of Motion To Dismiss, at 16-17 (citing cases). Plaintiffs' Opposition simply ignores that caselaw, most likely because it is clear that the Complaint does not allege any facts concerning any such "probable" effect on prices or output. On the contrary, the Complaint alleges that Eaton locked itself into lower prices in multi-year contracts.

Plaintiffs present a red-herring argument that Eaton's Motion is time-barred. Their argument is incorrect: under the Federal and Local Rules, it was filed several days before its

---

[2] As Eaton noted in its motion to dismiss, the Complaint does not allege facts demonstrating the "foreclosure" of ZF Meritor: it alleges only that the ZF Meritor joint venture was dissolved and replaced by an exclusive marketing arrangement between its two parents, Meritor and ZF, the German transmission giant. Thus, Meritor is still selling ZF automated transmissions, albeit through a contractual sales agency relationship and not a separate joint venture corporation. Compl. ¶ 74. Complaint paragraph 75's conclusory assertion that Eaton "limit[ed] consumer choice" is simply a reformulation of the allegation that *plaintiffs* were injured (*i.e.*, consumer choice was lessened because plaintiffs were foreclosed). Again, the Complaint contains no factual allegations providing any support for the generic allegation that consumer choice was limited.

July 2 due-date.[3] In any event, plaintiffs do not point to any prejudice resulting from the filing date and could not, given the expected several-year duration of this case if it progresses to discovery and trial. *Twombly*, of course, strongly cautioned courts to make sure that a Complaint contained more than labels and conclusions before it forced the parties to incur the enormous burdens and costs of lengthy modern-day antitrust litigation. *Twombly*, 127 S. Ct. at 1967 ("potentially enormous expense of discovery"). The Court should not put the discovery cart before the pleading horse and should, instead, reconsider its earlier decision and grant Eaton's motion to dismiss Plaintiffs' defective Complaint.

For the foregoing reasons, this Court should grant Eaton's motion and dismiss it from this litigation.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Donald E. Reid (#1058)
Jason A. Cincilla (#4232)
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19877-1347
(302) 351-9219
*Attorneys for Defendant*
*Eaton Corporation*

OF COUNSEL:

Robert F. Ruyak
Joseph A. Ostoyich
Melissa Handrigan
Curtis J. LeGeyt
HOWREY LLP
1299 Pennsylvania Avenue
Washington, DC 20004

July 23, 2007

---

[3] Motions for reconsideration are generally due within 10 days of an order. Because the 10 day deadline is "less than 11 days," intermediate Saturdays and Sundays "shall be excluded in the computation" of any deadline. Fed. R. Civ. P. 6(a). The Court's order was issued, via the Court's e-notification system, on June 13, 2007. The clock for a motion to reconsider started on the following day, June 14, and lasted until June 27 (excluding weekends). Because the Court's Order was served via e-notification, which is a type of "electronic means" under Fed. R. Civ. P. 5(b)(2)(D), "3 days are added after the prescribed period would otherwise expire." Fed. R. Civ. P. 6(e). That brought Eaton's deadline to June 30, but because that was a Saturday, the deadline was July 2. Eaton filed on June 29th, several days before the deadline.

## **CERTIFICATE OF SERVICE**

I, Donald E. Reid, hereby certify that on the 23rd day of July, 2007, the Reply Memorandum In Further Support Of Eaton Corporation's Motion For Reconsideration was served by electronic filing or e-mail on the following counsel of record:

>Charles M. Oberly, III, Esquire
>Oberly, Jennings & Rhodunda, P.A.
>1220 N. Market Street, Suite 710
>Wilmington, DE 19801
>coberly@ojlaw.com
>
>Christopher Wood, Esquire
>Dickstein Shapiro LLP
>1825 Eye Street, NW
>West Tower, Suite 500
>Washington, DC 20006-5403
>Email:  woodc@dicksteinshapiro.com

_____
Donald E. Reid (#1058)