UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| ZF MERITOR LLC and MERITOR TRANSMISSION CORPORATION )<br>)<br>)<br>Plaintiffs,           )<br>)<br>v.                )<br>EATON CORPORATION       )<br>)<br>Defendant.        )<br>) | Civil Action No. 06-623 (SLR) |

STIPULATED CONFIDENTIALITY AGREEMENT AND
[PROPOSED] PROTECTIVE ORDER

**IT IS HEREBY STIPULATED AND AGREED BY** the parties in the above-captioned case ("Litigation") by and through counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, subject to approval and entry by the Court, that the following Stipulated Confidentiality Agreement and Protective Order ("Order") shall govern the handling of all Discovery Material during the pendency of this Litigation, as hereafter defined.

DEFINITIONS

A.   "Eaton" means defendant Eaton Corporation, together with its direct and indirect subsidiaries.

B. "ZFM" means plaintiffs ZF Meritor LLC and Meritor Transmission Corporation, together with their respective direct and indirect subsidiaries.

C. "Party" means Eaton or ZFM. "Parties" means Eaton and ZFM.

D. "Outside Counsel" means the law firm(s) that are counsel of record for the Parties in the Litigation, including their associated attorneys, and other persons regularly employed by such law firm(s), and temporary personnel retained by such law firm(s) to perform legal or clerical duties, or to provide logistical litigation support; provided that no person who is, has been, or becomes a director, officer, or employee of a Party shall be considered Outside Counsel.

E. "In-House Litigation Counsel" means any attorney who is an employee in the legal department of a Party whose responsibilities consist of overseeing the Litigation, and any paralegal, legal assistant, or other administrative support personnel working with In-House Litigation Counsel on the Litigation.

F. "Producing Party" means a Party or Third Party that produces Discovery Material in the Litigation. "Receiving Party" means a Party that receives Discovery Material in the Litigation.

G. "Third Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party.

H. "Expert/Consultant" means experts or other consultants (and their assistants and staff) who are not employed by or affiliated with any Party and retained for the purposes of consulting, and/or testifying in the Litigation.

I. "Document" shall have the meaning ascribed to it in Federal Rule of Civil Procedure 34(a), and shall include all "writings," "recordings" and "photographs" as those terms are defined in Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, "document" includes the complete original or a true, correct and complete copy and any non-identical copies of any written or graphic matter, no matter how produced, recorded, stored or reproduced, whether in electronic media or other medium, from which information can be obtained, including, but not limited to, any writing, letter, envelope, telegram, meeting minute, memorandum, statement, affidavit, declaration, book, record, survey, map, study, handwritten note, working paper, chart, index, tabulation, graph, tape, data sheet, data processing card, printout, microfilm, index, computer readable media, email, or other electronically stored data or information, appointment book, diary, diary entry, calendar, desk pad, telephone message slip, note of interview or communication, or data compilations, and includes all drafts and all copies of every such writing or record that contain any commentary, note, or marking whatsoever not appearing on the original.

J. "Discovery Material" means materials produced in the Litigation through the discovery process and includes, without limitation, deposition testimony, deposition exhibits, interrogatory responses, admissions, affidavits, declarations, information, and Documents produced in the Litigation (whether paper or electronic and whether generated or received by the party processing them), including those produced pursuant to compulsory process or voluntarily in lieu thereof.

K.   "Non-public" Documents are those (a) the Producing Party takes reasonable measures not to disclose to third parties, (b) not disclosed to third parties except under non-disclosure or similar forms of agreement, or (c) created and maintained in confidence.

## TERMS AND CONDITIONS OF PROTECTIVE ORDER

1.   Except as set forth in this Order, Discovery Material, or information derived therefrom, other than documents or information already in the public domain, shall be used solely for purposes of the Litigation and shall not be used for any other purpose, including without limitation, any business or commercial purpose, or dissemination to the media, without the consent of the Producing Party, or Order of this Court.

2.   Nothing in this Order shall prohibit the disclosure or use by a Producing Party of its Confidential Discovery Material for any purpose.

3.   This Order is binding on the Parties and any Third Party that provides Discovery Material in the Litigation, and shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by order of the Court.

### Confidential Discovery Material Designations

4.   All Discovery Material produced by the Producing Party in conjunction with this litigation that contain or are derived from trade secrets or other confidential research, development, or competitively sensitive information within the meaning of Rule 26(c)(7) may be designated "Confidential Discovery Material" by that party. "Confidential Discovery Material" includes, but is not limited to, information relating or pertaining to pricing, sales, marketing, business or strategic plans, revenues, profits, costs, supply or purchase contracts, manufacturing

processes and capacity, technical and design criteria (including intellectual property of any kind), budgets or forecasts, customer or contact lists, customer negotiations relating to the purchase or sale of Class 8 heavy-duty Transmissions, or any other product manufactured by a Party, capital expenditure plans, and personnel records.

5. All "Confidential Discovery Material" that the Producing Party further believes to be of such a highly commercially sensitive nature, that disclosure of such information would result in substantial competitive harm to the Producing Party unless restricted as set forth in Paragraphs 16-22 of this Order, may be instead designated as "RESTRICTED USE: Highly Confidential Discovery Material" by that party.

6. A Producing Party may initially designate as "Confidential Discovery Material" any Non-public Discovery Material. Conversely, Documents issued by a Party for public consumption (e.g., press releases, annual reports, bulletins, and announcements) and unaltered publicly available documents (e.g., newspaper or magazine articles, trade publications and external website information), shall not be designated as "Confidential Discovery Material." "Confidential Discovery Material" designations may be challenged through a Designation Request made by a Receiving Party as stated herein.

7. A "Confidential Discovery Material" or "RESTRICTED USE: Highly Confidential Discovery Material" designation shall be made at the time of production by placing on or affixing, physically or electronically, in such manner as will not interfere with the legibility thereof, the notation "CONFIDENTIAL – 06-623 (SLR)" or "RESTRICTED USE: HIGHLY CONFIDENTIAL– 06-623 (SLR)", respectively, on Discovery Material. Electronic or native documents or data shall be similarly marked where practicable, and where not practicable, written notification by a Producing Party that it is producing Discovery Material as "Confidential

Discovery Material" or "RESTRICTED USE: Highly Confidential Discovery Material" shall suffice to require confidential treatment.

8. Deposition testimony may be designated as "Confidential Discovery Material" or "RESTRICTED USE: Highly Confidential Discovery Material" by instructing the court reporter recording the testimony to designate portions of the transcript as "CONFIDENTIAL – 06-623 (SLR)" or "RESTRICTED USE: HIGHLY CONFIDENTIAL – 06-623 (SLR)", respectively, during the deposition, or by making designations within thirty (30) days after the deposition transcript is sent to the witness or his or her attorney. Unless those attending a deposition agree at its conclusion that it shall be treated as non-confidential, the transcript shall be treated as "CONFIDENTIAL – 06-623 (SLR)" in its entirety until the expiration of the thirty-day period. If a person or entity makes no confidentiality designations, no part of the deposition transcript will be treated as Confidential Discovery Material after the expiration of the thirty-day period.

Confidential Discovery Material Access

9. "Confidential Discovery Material" shall not, directly or indirectly, be disclosed or otherwise provided to anyone except to:

(a) Outside Counsel;

(b) Experts/Consultants;

(c) In-House Litigation Counsel identified to the opposing Party;

(d) The Court and other court personnel of any court having jurisdiction over the Litigation;

(e) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this Litigation;

(f) A Receiving Party's regular securities lawyers or auditors, if requested by them for the sole purpose of complying with the Receiving Party's obligations under federal or state securities laws or regulations;

(g) A Producing Party's witness, during his deposition and deposition preparation, if he is a current director, officer, employee, agent or Rule 30(b)(6) designee of the Producing Party. A Receiving Party may show the Producing Party's witness any Document produced by the Producing Party; and it may show to any former director, officer, employee or agent of the Producing Party any Document of the Producing Party that the Receiving Party's Outside Counsel, reasonably and in good faith, believes the former director, officer, employee or agent received, or was familiar with the subject matter thereof, in the ordinary course of his or her business duties; and

(h) A Producing Party's witness, during his deposition and deposition preparation, if he is the author of, addressee of, copyee of, or person identified in, any Document containing Confidential Discovery Material; and any person who the Receiving Party's Outside Counsel, reasonably and in good faith, believes to have received the Document in the ordinary course of his or her business duties.

10. Notwithstanding the provisions of Paragraph 9, any person identified in that Paragraph, other than those identified in Paragraph 9(a) and 9(d), shall not be shown or given access to any "Confidential Discovery Material," or information derived therefrom, unless he or she has first executed the "Acknowledgement of Protective Order" attached hereto. The Acknowledgements will not be exchanged, but will be maintained and made available to a Party or the Court upon request.

11. Without written consent of the Producing Party, a Receiving Party shall not provide copies of "Confidential Discovery Material," or information derived therefrom, to individuals set forth in Paragraph 9(f) - 9(h), other than as set forth above. No "Confidential Discovery Material" shall be shown to a former employee of a Party employed by the opposing Party, except pursuant to separate written agreement between the Parties.

12. A person receiving "Confidential Discovery Material" shall not use or disclose the information except for the purposes set forth in this Order or by such orders as may be issued by the Court during the course of this litigation. The provisions of this Order extend to all designated "Confidential Discovery Material" regardless of the manner in which it is disclosed.

13. "Confidential Discovery Material" must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures access is limited to the persons authorized under this Order. In no event shall "Confidential Discovery Material" be stored at any business premises of the Receiving Party, or be made accessible electronically to employees of a Receiving Party, except that In-House Litigation Counsel may view "Confidential Discovery Material" at his or her normal workplace by electronic and remote access. In-House Litigation Counsel must implement precautions to prevent persons not authorized by this Order from accessing or otherwise viewing "Confidential Discovery Material" at any business premises of the Receiving Party.

14. "Confidential Discovery Material" shall not be copied or otherwise reproduced except to the extent such copying or reproduction is reasonably necessary for the Litigation, and all such copies or reproductions shall be subject to the terms of this Order. If the duplication process by which copies or reproductions of "Confidential Discovery Material" are

made does not itself preserve the confidentiality designations that appear on the original documents, all such copies or reproductions shall be appropriately marked with those confidentiality designations.

15.     The procedures governing the use of Discovery Material at trial shall be determined at a future date.

### "RESTRICTED USE: Highly Confidential Discovery Material" Access

16.     "RESTRICTED USE: Highly Confidential Discovery Material" shall not, directly or indirectly, be disclosed or otherwise provided to anyone except to:

(a)     Outside Counsel;

(b)     Experts/Consultants;

(c)     In-House Litigation Counsel identified to the opposing Party;

(d)     The Court and other court personnel of any court having jurisdiction over the Litigation;

(e)     Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this Litigation;

(f)     A Producing Party's witness, during his deposition and deposition preparation, if he is a current director, officer, employee, agent or Rule 30(b)(6) designee of the Producing Party. A Receiving Party may show the Producing Party's witness any Document produced by the Producing Party; and it may show to any former director, officer, employee or agent of the Producing Party any Document of the Producing Party that the Receiving Party's Outside Counsel, reasonably and in good faith, believes the former director, officer, employee or agent received in the ordinary course of his or her business duties; and

(g) A Producing Party's witness, during his deposition and deposition preparation, if he was the author of, addressee of, copyee of, or person identified in, any Document containing "RESTRICTED USE: Highly Confidential Discovery Material"; and any person who the Receiving Party's Outside Counsel, reasonably and in good faith, believes to have received the Document in the ordinary course of his or her business duties.

17. Notwithstanding the provisions of Paragraph 16, any person identified in that Paragraph, other than those identified in Paragraph 16(a) and 16(d), shall not be shown or given access to any "RESTRICTED USE: Highly Confidential Discovery Material," or information derived therefrom, unless he or she has first executed the "Acknowledgement of Protective Order" attached hereto. The Acknowledgements will not be exchanged, but will be maintained and made available to a Party or the Court upon request.

18. Without written consent of the Producing Party, a Receiving Party shall not provide copies of "RESTRICTED USE: Highly Confidential Discovery Material," or information derived therefrom, to individuals set forth in Paragraph 16(f) and 16(g), other than as set forth above. No "RESTRICTED USE: Highly Confidential Discovery Material" shall be shown to a former employee of a Party employed by the opposing Party without written consent of the Producing Party.

19. A person receiving "RESTRICTED USE: Highly Confidential Discovery Material" shall not use or disclose the information except for the purposes set forth in this Order or by such orders as may be issued by the Court during the course of this litigation. The provisions of this Order extend to all designated "RESTRICTED USE: Highly Confidential Discovery Material" regardless of the manner in which it is disclosed.

20.     "RESTRICTED USE: Highly Confidential Discovery Material" must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures access is limited to the persons authorized under this Order. In no event shall "RESTRICTED USE: Highly Confidential Discovery Material" be stored at any business premises of the Receiving Party, or be made accessible electronically to employees of a Receiving Party, except that In-House Litigation Counsel may view "RESTRICTED USE: Highly Confidential Discovery Material" at his or her normal workplace by electronic and remote access. In-House Litigation Counsel must implement precautions to prevent persons not authorized by this Order from accessing or otherwise viewing "RESTRICTED USE: Highly Confidential Discovery Material" at any business premises of the Receiving Party.

21.     "RESTRICTED USE: Highly Confidential Discovery Material" shall not be copied or otherwise reproduced except to the extent such copying or reproduction is reasonably necessary for the Litigation, and all such copies or reproductions shall be subject to the terms of this Order. If the duplication process by which copies or reproductions of "RESTRICTED USE: Highly Confidential Discovery Material" are made does not itself preserve the confidentiality designations that appear on the original documents, all such copies or reproductions shall be appropriately marked with those confidentiality designations.

Confidential Discovery Material Designation Disputes

22.     Should a Receiving Party wish to disclose "Confidential Discovery Material" (or "RESTRICTED USE: Highly Confidential Discovery Material") to a person other than as permitted above, it shall make a written request to the Producing Party ("Designation Request"), as set forth below.

(a) Designation Request: The Receiving Party shall identify with specificity (i.e., by document control numbers, deposition transcript page and line reference, or some other means sufficient to identify such materials) the Discovery Material it intends to disclose and a representation that the material is probative of one or more material facts in this Litigation. A Designation Request will obligate the Producing Party to make a good faith determination of whether the Discovery Material is entitled to be treated as "Confidential Discovery Material" (or "RESTRICTED USE: Highly Confidential Discovery Material"). Except in the case of a massive Designation Request as to which a prompt reply would be impractical, within ten (10) court days the Producing Party shall respond in writing to the Designation Request either agreeing to the disclosure or designating the material as "Confidential Discovery Material" or "RESTRICTED USE: Highly Confidential Discovery Material."

(b) Meet and Confer; Court Determination: If the Receiving Party disagrees with a Producing Party's designation of material as "Confidential Discovery Material" (or "RESTRICTED USE: Highly Confidential Discovery Material") it shall provide to the Producing Party a written objection. The Receiving Party and Producing Party shall then meet and confer to try and resolve the designation disagreement. If the meet and confer fails, the Receiving Party may make written application to the Court for protective treatment. Except in the case of disputes involving massive numbers of documents, the application will be made within ten (10) court days of the Parties' meet and confer. If the Receiving Party fails to make such timely application, the Producing Party's designation will be considered legitimate.

(c) In any proceeding on such an application, the Producing Party will bear the burden to demonstrate that the designated Discovery Material qualifies as "Confidential Discovery Material" (or "RESTRICTED USE: Highly Confidential Discovery Material"). No presumption of weight will attach to the initial designation of Discovery Material as "Confidential Discovery Material" (or "RESTRICTED USE: Highly Confidential Discovery Material").

(d) Pending a ruling, the Discovery Material shall continue to be treated as "Confidential Discovery Material" or "RESTRICTED USE: Highly Confidential Discovery Material" under the terms of this Order.

(e) With respect to Discovery Material which the Producing Party and Receiving Party agree does not constitute "Confidential Discovery Material" (or "RESTRICTED USE: Highly Confidential Discovery Material"), or as to which the Producing Party does not file a timely application, or which the Court orders not to be treated as "Confidential Discovery Material" (or "RESTRICTED USE: Highly Confidential Discovery Material"), within ten (10) days of such agreement, absence of application, or order, the Producing Party shall produce the Discovery Material with the confidentiality legend redacted or modified accordingly.

(f) Nothing in this Order shall be deemed to prevent a Producing Party from arguing for limits on the use or manner and scope of dissemination of Discovery Material that is found to no longer constitute "Confidential Discovery Material" or "RESTRICTED USE: Highly Confidential Discovery Material".

<u>Discovery Material Provided by Third Parties and Disclosure Requests</u>

23. A Party, receiving Discovery Material from a Third Party that includes Discovery Material of the opposing Party that has not been designated Confidential Discovery Material (or "RESTRICTED USE: Highly Confidential Discovery Material") by the Third Party, shall promptly notify in writing the Party whose documents are implicated, who then shall have thirty days, following notice, to designate applicable materials as "Confidential Discovery Material" (or "RESRICTED USE: Highly Confidential Discovery Material"). During the thirty-day period, the Receiving Party shall treat the Discovery Material as "Confidential Discovery Material" (or as "RESTRICTED USE: Highly Confidential Discovery Material" (in the event that such designation is at issue)). If such Discovery Material is not designated as "Confidential Discovery Material" (or "RESTRICTED USE: Highly Confidential Discovery Material") by the expiration of the thirty-day period, it will not be treated as "Confidential Discovery Material" (or "RESTRICTED USE: Highly Confidential Discovery Material") thereafter. If such Discovery Material already has been produced in the Litigation and designated as "Confidential Discovery Material" (or "RESTRICTED USE: Highly Confidential Discovery Material"), then it shall, at all times, be treated accordingly.

24. If in any proceeding other than the Litigation, a person or entity should subpoena or otherwise request a Party to produce "Confidential Discovery Material" (or "RESTRICTED USE: Highly Confidential Discovery Material") received from another Party or a Third Party, the Party receiving the subpoena or request shall promptly notify the Producing Party in writing. Should the Producing Party seek relief from the subpoena or request, the Party that received the subpoena or request shall not produce the material in question so long as it may lawfully refuse.

Third Parties – Application of Order and Document Production

25.     Any Third Party that produces discovery through documents, testimony in the Litigation, or otherwise, either voluntarily or by compulsory process, shall have the full benefits and protections of, and be subject to the obligations set forth within, this Order and may designate its Discovery Material as "Confidential Discovery Material" (or "RESTRICTED USE: Highly Confidential Discovery Material") in the manner, and subject to the same protections, set forth herein. Nothing in this Order shall be construed to allow any Third Party to obtain access to any Confidential Discovery Material (or "RESTRICTED USE: Highly Confidential Discovery Material") produced by any Party or other Third Party.

26.     The production by a Third Party of Party Documents designated as "Confidential Discovery Material" (or "RESTRICTED USE: Highly Confidential Discovery Material") shall not constitute a violation of the confidentiality provisions of any nondisclosure agreement or other obligation of confidentiality between any Third Party and ZFM or Eaton. However, such Third Party may consult with ZFM or Eaton about the nature of the materials to be produced in advance of production to ensure the Discovery Material is afforded appropriate protection pursuant to this Order. Nothing in this Order shall prevent a Party from objecting to the production of such material consistent with the prior notice provision of Rule 45 of the Federal Rules of Civil Procedure.

Filing Confidential Discovery Material with the Court

27.     In the event that any "Confidential Discovery Material" (or "RESTRICTED USE: Highly Confidential Discovery Material") is contained in any pleading, motion, exhibit, or other paper (collectively "Papers") filed with the Clerk of the Court, the Clerk shall be so informed by the Party filing such Papers, such Papers shall be filed in sealed

envelopes or other appropriate sealed container as detailed in Paragraph 28, and the Clerk shall keep such Papers under seal until further order of the Court; provided, however, that such Papers shall be furnished to the Court and Outside Counsel of the Parties.

28.     Information filed under seal shall be placed in sealed envelopes on which shall be written the title to this action, the words "FILED UNDER SEAL," the words "Confidential Information" or "RESTRICTED USE: Highly Confidential Information," and a statement substantially in the following form:

> This envelope is sealed pursuant to order of this Court and contains confidential information [or highly confidential information] filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court.

29.     Parties shall produce and file redacted versions of Papers in this District Court action in accordance with the "Administrative Procedures Governing Filing and Service by Electronic Means" as issued by the United States District Court for the District of Delaware, such that there is no disclosure of any Confidential Discovery Material.

Inadvertent Production

30.     The production or disclosure of any "Confidential Discovery Material" (or "RESTRICTED USE: Highly Confidential Discovery Material"), which a Producing Party has failed to mark consistent with the terms of this Order, will not be deemed to be a waiver of the confidential status of the materials so long as the unmarked Discovery Material has not already been disclosed by the Producing Party to persons other than as permitted herein, such that it has entered the public domain. If the Discovery Material has not entered the public domain, the Receiving Party shall return all copies of such material to the Producing Party to allow the

materials to be designated appropriately. The Receiving Party can challenge the Producing Party's designations pursuant to the procedure set forth herein.

31. The production or disclosure of any Discovery Material made after the entry of this Order, which a Producing Party claims was inadvertent and should not have been produced or disclosed because of a privilege or other protection, does not constitute a waiver of any privilege or protection to which the Producing Party would have been entitled had the Discovery Material not been inadvertently produced or disclosed. The Receiving Party of any Discovery Material the Producing Party claims was inadvertently produced or disclosed must return all copies thereof within ten (10) days after receiving a written request from the Producing Party. If the Receiving Party challenges the Producing Party's claim that the Discovery Material is subject to a privilege or protection, the Receiving Party shall be entitled to take notes concerning the Discovery Material and may reference the contents of that material in any related submission to the Court, provided the filing is made under seal. If the Court sustains the privilege claim of the Producing Party with respect to the Discovery Material, the Receiving Party shall destroy any notes relating to the Discovery Material and advise the Producing Party in writing of the destruction within ten (10) days of the Court's Order.

### Preservation of Rights and Privileges

32. Nothing in this Order shall diminish the right of any Party or Third Party to assert a privilege or protection, including but not limited to the attorney-client privilege or attorney work product doctrine. Nor shall this Order diminish the right of any Party or Third Party to assert objections to discovery. Entry of the Order is without prejudice to the right of a Party or Third Party to apply for further protective orders regarding certain categories of information, or for modification of any provision of this Order.

33. Nothing in this Order shall be deemed to grant or create discovery rights to any Party or Third Party in any other proceeding relating to or arising out of the subject matter of the Litigation, nor shall the Parties' agreement to this Order constitute a waiver of any rights to resist any discovery efforts that may be initiated in any other proceeding whether or not relating to or arising out of the same subject matter.

34. Compliance with the terms of this Order shall not operate as an admission that a Document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

Duties Upon Conclusion of Litigation

35. Upon the final resolution of this Litigation, the provisions of this Order shall continue to be binding, and the Court shall retain jurisdiction for purposes of enforcement of the provisions of this Order.

36. Within ninety (90) days of the conclusion of the Litigation, Outside Counsel for any Party that has received Discovery Material shall return to the Producing Party, or destroy, all originals and copies of all Documents and all notes, memoranda, or other papers containing Confidential Discovery Material (or "RESTRICTED USE: Highly Confidential Discovery Material") of the Producing Party, including any and all Confidential Discovery Material (or "RESTRICTED USE: Highly Confidential Discovery Material") disseminated to Expert/Consultants or any other persons. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product prepared or received in connection with the Litigation even if such materials contain protected material. Any such archival copies that contain or constitute protected material shall remain subject to this Order.

37.   Outside Counsel of record shall certify their compliance with the terms of the preceding paragraph within (90) days of the conclusion of the Litigation, and shall deliver the same to counsel for the Producing Party.

| OBERLY, JENNINGS & RHODUNDA, P.A. | MORRIS NICHOLS ARSCHT & TUNNELL |
|---|---|
| By: /s/ Karen V. Sullivan | By: /s/ Donald E. Reid |
| Charles M. Oberly, III (No. 743)<br>Karen V. Sullivan (No. 3872)<br>1220 Market Street, Suite 710<br>P.O. Box 2054<br>Wilmington, DE 19899<br>Tel: (302) 576-2000<br>coberly@ojlaw.com<br>ksullivan@ojlaw.com | Donald E. Reid (No. 1058)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>Tel: (302) 575-7219<br>dreid@mnat.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |
| R. Bruce Holcomb<br>DICKSTEIN SHAPIRO LLP<br>1825 Eye Street, NW<br>Washington, DC 20006-5403<br>Tel: (202) 420-2200<br>holcombb@dicksteinshapiro.com | Joseph A. Ostoyich<br>HOWREY LLP<br>1299 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>Tel: (202) 383-7241<br>OstoyichJ@howrey.com |

*Of Counsel*

IT IS SO ORDERED this ____ day of _____, 2007.

_____
United States District Court Judge

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ZF MERITOR LLC and MERITOR TRANSMISSION CORPORATION | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 06-623 (SLR) |
| v. | ) ) | |
| EATON CORPORATION | ) ) | |
| Defendant. | ) ) | |

ACKNOWLEDGEMENT OF PROTECTIVE ORDER
Civil Action No. 06-623 (SLR)

I, _____, am a _____ (employee, partner, associate, etc.) of _____, and I hereby acknowledge that:

1. I have read the Protective Order entered in the action captioned above, understand the terms thereof, and agree to be bound by such terms;

2. I agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the sole purpose of having the terms of the Protective Order enforced.

Dated: _____   Signature: _____

DSMDB-2163939v01