# OBERLY, JENNINGS & RHODUNDA, P.A.
### 1220 Market Street - Suite 710
### P. O. Box 2054
### Wilmington, Delaware 19899

Charles M. Oberly, III
Kathleen M. Jennings
William J. Rhodunda, Jr.
-----------
Karen V. Sullivan
Chandra J. Rudloff

(302) 576-2000
Fax (302) 576-2004
E.I.No. 51-0364261
Writer's e-mail ksullivan@ojlaw.com

December 21, 2007

<u>Via CM/ECF</u>
The Honorable Sue L. Robinson
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Room 6124, Lockbox 31
Wilmington, DE 19801

RE:   *ZF Meritor LLC, et al. v. Eaton Corp.*, 06-623-SLR

Dear Judge Robinson,

In response to Your Honor's request at the conclusion of the December 18, 2007 discovery teleconference, I enclose a letter to Your Honor from Christopher H. Wood, Esquire providing authority in support of Plaintiffs' request for an order compelling production of documents in response to Plaintiffs' Document Requests 55 and 56.

I am available at the convenience of the Court to answer any questions.

Respectfully,

KAREN V. SULLIVAN (No. 3872)

Enclosure

cc:   Donald E. Reid, Esquire
      Jason A. Cincilla, Esquire

**DICKSTEIN**SHAPIRO LLP

1825 Eye Street NW | Washington, DC 20006-5403
TEL (202) 420-2200 | FAX (202) 420-2201 | dicksteinshapiro.com

December 21, 2007

The Honorable Sue L. Robinson
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Room 6124, Lockbox 31
Wilmington, DE 19801

Re:   **ZF Meritor LLC v. Eaton Corp., No. 06-623 (SLR) – Response to Court's December 18, 2007 Request for Information concerning Plaintiffs' Document Requests 55 and 56**

Dear Judge Robinson:

The Court has asked the parties to identify specific case law that may assist Your Honor in resolving the above-referenced discovery dispute between the parties. Plaintiffs believe they have identified instructive decisions and cite them below after recapitulating the dispute and the Court's request for information.

Plaintiffs allege Eaton used exclusive contracts and engaged in various other conduct to foreclose competition in the markets for heavy-duty transmissions. Although plaintiffs do not allege "sham litigation" as part of the conduct,[1] they consider documents relating to certain patent proceedings Eaton has pursued against plaintiffs to be relevant to assessing barriers to entry and specific intent as those subjects relate to plaintiffs' monopolization and other antitrust claims. Requests 55 and 56 of Plaintiffs' First Request for Production, as modified through meet and confer, seek documents regarding: (i) Eaton's reasons for filing two patent proceedings against plaintiffs in the Eastern District of Michigan and the ITC; and (ii) Eaton's communications with others about those proceedings. Eaton has agreed to re-produce in this litigation its documents *from* those proceedings, but not its documents *about* those proceedings.

On Tuesday, this Court stated Noerr-Pennington is "not the basis on which [the Court] will make this decision." Other courts agree – Noerr-Pennington is inapplicable to a discovery dispute.[2] With respect to relevancy, this Court asked the parties to determine whether any

---

[1] If documents produced in discovery support such a claim, plaintiffs would revisit the issue with the Court; they do not waive such a claim.

[2] See Barnes Found. v. Township of Lower Merion, 1996 WL 862451, at *4 (E.D. Pa. 1996) ("although the Noerr-Pennington doctrine protects citizens from *liability* for exercising their rights to petition . . . the doctrine is not a bar to discovery") (emphasis original) (citations omitted); North Carolina Elec. Mem. Corp. v. Carolina Power & Light Co., 666 F.2d 50, 53 (4th Cir. 1981) ("Noerr-Pennington is by definition an exemption from anti-trust liability, and not a bar to discovery of evidence"); P&B Marina, LP v. Logrande, 136 F.R.D. 50, 61 (E.D.N.Y. 1991) ("The Supreme Court . . . stated that courts may admit evidence of protected activities

**DICKSTEIN**SHAPIRO<sub>LLP</sub>

The Honorable Sue L. Robinson
December 21, 2007
Page 2

decisions address the following: In the absence of a sham litigation claim, is a party's intent in initiating Noerr-Pennington protected activity (in this case, patent litigation) relevant to a monopolization claim? Courts permit discovery of (and admit into evidence) probative Noerr-Pennington protected activity to demonstrate motive or intent underlying acts in dispute. See, e.g., Alexander v. Nat'l Farmers Org., 687 F.2d 1173, 1196 (8th Cir. 1982) (while parties' petitioning of the government was "not illegal because of the exemption, this conduct does have evidentiary value as to the purpose and concerted character of these co-ops' contemporaneous nonexempt activities"); Barnes, 1996 WL 862451, at *3-*4 (although the "neighbors" were immune from liability, facts surrounding the statements and concerns of the neighbors were relevant as to the neighbors' motivation in engaging in the protected activity); General Motors Corp. v. Matthey, Inc., 887 F. Supp. 1240, 1246 (E.D. Wis. 1995) ("discovery of information concerning GM's environmental legislative lobbying activities is sought for the limited purpose of establishing GM's motives in engaging in the anticompetitive conduct . . . [which] is a permissible use of such evidence").[3]

Unless Eaton will stipulate that its patents created barriers to entry in the relevant markets, including the patents at issue in the Michigan and ITC proceedings raised here, plaintiffs would have to demonstrate to the finder of fact that such barriers exist. Eaton's internal (Request 55) and external (Request 56) musings and pronouncements on the subject are pertinent to that demonstration as well as to proving intent.

Respectfully submitted,

Christopher H. Wood
Attorneys for Plaintiffs

---

which may be probative of other issues on which liability could be based . . . [i]f such evidence is deemed admissible, then it surely must be deemed discoverable.") (citation omitted).

[3] See also United Mine Workers of America v. Pennington, 381 U.S. 657, 670, n.3 (1965) (although efforts to influence public officials were protected conduct, "It would of course still be within the province of the trial judge to admit this evidence, if he deemed it probative and not unduly prejudicial, under the 'established judicial rule of evidence that testimony of prior or subsequent transactions, which for some reason are barred from forming the basis for a suit, may nevertheless be introduced if it tends to reasonably show the purpose and character of the particular transactions under scrutiny'"); MCI Comm. Corp. v. Amer. Tel. & Telegraph Co., 708 F.2d 1081, 1160 (7th Cir. 1982) (finding it proper to refer to evidence of party's "participation in the administrative process as evidence of bad faith and anticompetitive intent" because this was used "only as evidence of the purpose and character of the business decisions"); Lansdale v. Philadelphia Elec. Co., 517 F. Supp. 218, 223 (E.D. Pa. 1981) (quoting footnote 3 of Pennington in finding Noerr-Pennington did not bar the admission of evidence of a party's activities before FERC on the issue of intent in plaintiff's monopolization and attempted monopolization claims).