# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

DONALD E. REID
302 351 9219
302 425 3001 FAX
dreid@mnat.com

December 21, 2007

**VIA ELECTRONIC FILING**
**AND HAND DELIVERY**

The Honorable Sue L. Robinson
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street
Room 6124, Lockbox 31
Wilmington, DE 19801

> Re:  *ZF Meritor LLC, et al. v. Eaton Corporation* (No. 06-623):
> Legal Citations in Opposition to Plaintiffs' Motion to Compel

Dear Judge Robinson:

Pursuant to the Court's instruction at the parties' telephonic discovery conference on December 18, 2007, below please find citation to relevant legal authority in opposition to Plaintiffs' motion to compel production of documents responsive to document requests nos. 55 and 56, which relate to Defendant Eaton's reasons and motivations for filing certain patent litigation and its discussions with third parties about those lawsuits.

As explained during the conference, documents relating to Eaton's motivations and reasons for filing the patent lawsuits, and communications relating to those lawsuits, are not relevant to the claims or defenses of any party in this action and not reasonably calculated to lead to the discovery of admissible evidence because Plaintiffs have not alleged or shown, nor could they, that the lawsuits were objectively baseless or a "sham." Absent such an allegation and showing, Eaton's motivations for filing the lawsuits are irrelevant to Plaintiffs' Section 2 claims because it is without question that a patent holder has a right, indeed a First Amendment right, to enforce a valid patent against potential infringers. *See 3M Co. v. Johnson & Johnson Orthopaedic, Inc.,* 1991 U.S. Dist. LEXIS 20320, *49-50 (D. Minn. Jul. 26, 1991) ("the right of access to the courts is protected by the first amendment.... There are presumptions that patents are valid and that patent enforcement suits are brought in good faith.") (internal citations omitted).

In each patent lawsuit at issue here, Eaton won a favorable decision at either the summary judgment stage or at trial. *See Eaton Corp. v. Rockwell,* 2001 U.S. Dist. LEXIS 11422 (D. Del.

The Honorable Sue L. Robinson
December 21, 2007
Page 2

Feb. 9, 2001); (District court returned a verdict of willful patent infringement against Meritor and issued an injunction); *In re Certain Automated Mechanical Transmission Systems*, Inv. No. 337-TA-503 (I.T.C) (finding of patent infringement against Meritor) (Ex. A); *Eaton v. United States*, 395 F. Supp. 2d 1314 (I.T.C. 2005) (ITC blocks entry of Meritor transmissions into U.S.); *Eaton Corp. v. ZF Meritor LLC, et al.*, 2007 U.S. Dist. LEXIS 91492 (E.D. Mich. Dec. 13, 2007) (denying motion for reconsideration of order denying Plaintiffs' motion for summary judgment on issue of invalidity).

It is now well-settled that patent litigation is immune from antitrust scrutiny unless it is "objectively baseless" or a "sham." A lawsuit is meritorious, and cannot be "objectively baseless" as a matter of law, when the patent holder received a favorable decision at the summary judgment stage or at trial. *See, e.g., Professional Real Estate Inv., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 61 n.5 (1993) ("A winning lawsuit is by definition a reasonable effort at petitioning for redress and therefore not a sham"); *Beckman Instruments v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989) ("we find it difficult to agree that the inequitable conduct defense was 'baseless' when it survived a motion for summary judgment and was rejected only after findings were made on disputed facts"); *cf. Honeywell Int'l, Inc. v. Universal Avionics Systems Corp.*, 343 F. Supp. 2d 272, 325-26 (D. Del 2004) ("While summary judgment in favor of [antitrust counter-claimants] on non-infringement and anticipation was ultimately granted, a reasonable litigant could have expected success on the merits of Honeywell's claim for patent infringement against these parties."). Accordingly, none of Eaton's lawsuit against ZF Meritor were objectively baseless or a sham as a matter of law. That is, most likely, precisely why plaintiffs did not allege that any of Eaton's patent lawsuits were a sham.

Absent an allegation and showing that a patent lawsuit was objectively baseless, a patent holder's motivations for filing a patent lawsuit are simply irrelevant to a Section 2 monopolization claim or attempted monopolization claim. *See PRE*, 508 U.S. at 65-66 ("Columbia's economic motivations in bringing suit ... were rendered irrelevant by the objective reasonableness of the litigation"); *In re Independent Serv. Organizations Antitrust Litig.*, 203 F.3d 1332, 1337-38 (Fed. Cir. 2000) ("In the absence of any indication of ... sham litigation, the patent holder may enforce the statutory right to exclude others from making, using, or selling the claimed invention free from liability under the antitrust laws. We therefore will not inquire into his subjective motivation for exerting statutory rights, even though his refusal to sell or license his patented invention may have an anticompetitive effect, so long as that anticompetitive effect is not illegally extended beyond the statutory patent grant").

Plaintiffs' assertion that the requested discovery is relevant to "barriers to entry" and "specific intent" is unsupported by any case law. Moreover, it is almost common sense that a patent holder's subjective belief about the validity of its patents is immaterial to the question of whether those patents operate as an entry barrier. Either the patents are valid, in which case they may operate as a barrier, or they are not, in which case they will likely not operate as a barrier to entry. The patent holder's subjective belief is immaterial to that question. Eaton has not been able to find a single case holding that a patent holder's motivations for filing an

The Honorable Sue L. Robinson
December 21, 2007
Page 3

infringement action are relevant to "barriers to entry" or "specific intent" in the absence of any evidence that the litigation was objectively baseless. In fact, counsel was unable to find any case law suggesting that a party's beliefs are relevant to whether a market has a structural barrier to entry.[1]

Plaintiffs' burden is clear under *PRE* and the case law cited above: Meritor must allege and prove that Eaton's lawsuits were "objectively baseless" before it can inquire into Eaton's motivation for filing the lawsuit. Meritor did not make such an allegation, nor could it. Thus, this Court's inquiry should end there.

For these reasons, Plaintiffs' motion to compel responses to documents requests 55 and 56 should be denied.

Respectfully yours,

Donald E. Reid (#1058)

cc:    Karen Sullivan, Esquire
       Christopher H. Wood, Esquire

---

[1]    None of the cases cited by Plaintiffs in their December 21, 2007 letter to the Court support their position. First, none of the cases even involved the relevancy or admissibility of evidence related to the filing of patent litigation. Second, none of the decisions addressed the question of whether intent evidence is relevant to the questions of barriers to entry or specific intent in a Section 2 case. Third, the majority of Plaintiffs' cases pre-date the Supreme Court's decision in *PRE*, which unequivocally held that motivations and intent in filing patent litigation are irrelevant in the absence of a finding that the litigation was objectively baseless. Fourth, *General Motors Corp. v. Matthey, Inc.*, 887 F. Supp. 1240 (E.D. Wisc. 1995), is further distinguishable because it did not even involve claims under Section 2 of the Sherman Act, but rather involved claims for defamation and misappropriation of trade secrets. Finally, *Lansdale v. Philadelphia Elec. Co.*, 517 F. Supp. 218 (E.D. Pa. 1981), is also further distinguishable because in that case, unlike in the case at bar, the plaintiff had alleged that the party's activities before the FERC were a "sham." For these reasons, the cases cited by Plaintiffs are inapposite. Plaintiffs have not cited, and Defendant is not aware of, any cases holding that evidence of intent and motive for filing patent litigation is relevant to "barriers to entry" or specific intent in the absence of a showing that the litigations were objectively baseless.