UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ZF MERITOR LLC and MERITOR TRANSMISSION CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 06-623-SLR |
| v. | ) ) ) | |
| EATON CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

### NOTICE OF SERVICE OF SUBPOENA

**TO:** Donald E. Reid
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
dreid@mnat.com

**PLEASE TAKE NOTICE** that on the 28th of March, 2008, the attached subpoena was served by Christopher H. Wood, Esquire via email on Transmission Technologies Corporation through Howard Iwrey (hiwrey@dykema.com) outside counsel for Transmission Technologies Corporation, Dykema Gossett PLLC, 39577 Woodward Avenue, Suite 300; Bloomfield Hills, MI 48304, who agreed to accept service on behalf of Transmission Technologies Corporation.

**OBERLY, JENNINGS & RHODUNDA, P.A.**

Dated: April 7, 2008

/s/ Karen V. Sullivan
Charles M. Oberly, III (No. 743)
Karen V. Sullivan (No. 3872)
1220 Market Street, Suite 710
P.O. Box 2054
Wilmington, DE 19899
(302) 576-2000 – Telephone
(302) 576-2004 – Facsimile

- and -

R. Bruce Holcomb
Christopher H. Wood
Lauren C. Barski
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC  20006-5403

Attorneys for Plaintiffs ZF Meritor LLC and
Meritor Transmission Corporation

⁂AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

ZF MERITOR LLC ET AL.

V.

EATON CORPORATION

SUBPOENA IN A CIVIL CASE

Case Number:[1] 06-623-SLR (D-DEL.)

TO: TRANSMISSION TECHNOLOGIES CORPORATION
14700 HELM COURT
PLYMOUTH, MI 48170

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT

| PLACE   DICKSTEIN SHAPIRO LLP, 1825 EYE STREET NW, WASHINGTON, DC 20006 | DATE AND TIME 4/15/2008 6:17 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] (Atty for plaintiffs) | 03/28/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
CHRISTOPHER H. WOOD, C/O DICKSTEIN SHAPIRO LLP, 1825 EYE STREET NW, WASHINGTON, DC 20006
(202.420.2200)

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                    SIGNATURE OF SERVER

                                                          _____
                                                          ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.

(B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| ZF MERITOR LLC and MERITOR TRANSMISSION CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>EATON CORPORATION,<br><br>Defendant. | Civil Action No. 06-623-SLR |

## ATTACHMENT

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, you have been subpoenaed to "produce and permit inspection, copying, testing, or sampling of designated books, documents, electronically stored information, or tangible things in the possession, custody or control" of Transmission Technologies Corporation ("TTC").

### DEFINITIONS

1. *"You," "Your,"* or *"TTC"* means Transmission Technologies Corporation, its present and former officers, directors, employees, agents, representatives, attorneys, consultants and all other persons authorized to act or acting on its behalf.

2. *"OEM"* means *Class 8 Truck* original equipment manufacturers International Truck and Engine Corporation, Volvo Trucks North America, Inc., Mack Trucks, Inc., Paccar Inc., and Freightliner LLC (now known as Daimler Trucks North America LLC).

3. *"Class 8 Truck"* means any vehicle with a gross vehicle weight of 33,001 pounds or more; these vehicles sometimes are referred to as heavy-duty trucks.

4.   *"Transmission"* means all makes and models or variations of transmissions used in *Class 8 Trucks*, whether used for linehaul, vocational, or other applications, and whether manual, automated manual or automated mechanical, or automatic.

5.   *"North America"* means the United States, Canada, and Mexico.

6.   *"Person"* means natural persons and individuals, and all legal entities, publicly or privately held.

7.   *"Document"* is used in the broadest sense permissible under Fed. R. Civ. P. 34, and includes, without limitation, originals and non-identical copies and drafts, whether different from the original in any way (e.g., marginalia, handwritten notations, email conversation threads or document family groups containing the original), of all writings, electronically stored information, data, graphic matter, visual or aural representations (e.g., photographs, recordings, drawings, voice messages and voicemails), and any other medium upon which, or from which any representation, communication, or other information can be accessed, recorded, or extracted.

## INSTRUCTIONS

1.   Unless otherwise indicated, each of these requests seeks *Documents* relating to *North America* and for the period beginning January 1, 1999 and extending through the present, including any *Documents* dated, generated, referring to, sent, or received during that period.

2.   To the extent responsive *Documents* are maintained electronically, including, without limitation, *Documents* stored in personal computers, portable computers, workstations, minicomputers, mainframes, servers, backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether maintained on or off *Your* premises, produce these *Documents* in the electronic, machine-readable form, in which they ordinarily are retained and in a manner that maintains the integrity of metadata, together with data dictionaries, lookup tables or other instructive materials necessary to read, display, and interpret the *Documents*.

3. *Documents* in *Your* possession, custody or control include, without limitation, information in headquarters buildings; corporate, divisional, regional, field marketing and sales, or other offices; plants, engineering and production facilities; on-and-off-site record retention, data, and electronic backup facilities; and homes, automobiles, and other locations in which *Documents* are stored by *TTC* or its agents and representatives.

4. If any portion of a *Document* is responsive, produce for inspection the entire document, including any attachments and exhibits thereto. Also produce all folder or file jackets and covers in which responsive *Documents* are contained, including any labels thereon.

5. If *You* do not have in *Your* possession, custody or control *Documents* responsive to all or part of a request herein, please so state in the response to that request and identify any category or sub-category of requested *Document* not in *Your* possession, custody or control.

6. For each responsive *Document* withheld from inspection and copying on the basis of an asserted privilege or other protection, provide a log to plaintiffs' counsel containing information sufficient to meet the requirements of Fed. R. Civ. Pro. 45(d)(2). Log attachments claimed to be privileged or otherwise protected separately from the *Document* to which it is attached. For each logged *Document*, produce for inspection that portion(s) of the *Document* (including attachments and exhibits thereto) that is not claimed to be privileged or otherwise protected from inspection, with the redacted portion(s) of the *Document* identified with a redaction label.

7. If *You* decline to produce for inspection *Documents* requested herein on the basis of an objection (other than privilege), identify the specific category or sub-category of *Documents* being withheld and explicitly state the reason for the objection.

8. If any of the definitions, instructions, or requests herein are objected to as vague or ambiguous, identify the language *You* believe causes the vagueness or ambiguity and state how *You* have interpreted the contested language in formulating *Your* response(s).

9. The conjunctive (and) is to be read as if also stated in the disjunctive (or), and vice versa; the singular form of a noun is to be read as including the plural form, and vice versa; and the past tense of any verb is to be read as including the present tense, and vice versa.

10. Purchase and sales invoices, and technical, engineering *Documents*, such as engineering drawings, layouts and lab work orders, responsive to the requests herein do not need to be produced upon the inspection date set forth in the subpoena as long as they are preserved and made available for production upon request.

11. *TTC's* production of *Documents* shall be covered by the Protective Order entered by the Court in this litigation.

## DOCUMENTS TO BE PRODUCED

1. *Documents* sufficient to show the *Transmission* product markets or segments (e.g., linehaul) in which *TTC* competes.

2. *Documents* sufficient to identify the geographic markets, whether in *North America* or elsewhere, in which *TTC* competes for the sale of *Transmissions*.

3. *Documents* sufficient to show, however *You* define market share, *TTC's* share, and the share of other *Transmission* manufacturers, in the markets for *Transmissions*.

4. *Documents* sufficient to show the ease or difficulty – calculated on the basis of cost or otherwise – with which *Persons* can enter into the markets for *Transmissions*, or with which existing *Transmission* manufacturers can increase output in the markets for *Transmissions*.

5. *Documents* constituting *TTC's* marketing, business, strategic, sales, and operating plans and forecasts for *Transmissions*.

6. For the period January 1, 1998 through the present, *Documents* sufficient to show *TTC's* quarterly (or if not available, annual) sales of *Transmissions*, by model number and by *OEM*, including the number of units sold and amounts charged for those sales.

7. For the period January 1, 1998 through the present, *Documents* constituting contracts and agreements, including revisions, amendments or other modifications or adjustments thereto, between *TTC* and any *OEM* for the supply of *Transmissions*.

8. *Documents* comparing the quality or value of *TTC Transmissions* with the *Transmissions* of other *Transmission* manufacturers.