UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

|  |  |
|---|---|
| ZF MERITOR LLC and MERITOR TRANSMISSION CORPORATION,<br><br>                Plaintiffs,<br><br>      v.<br><br>EATON CORPORATION,<br><br>                Defendant. | Civil Action No. 06-623-SLR |

## NOTICE OF SERVICE OF SUBPOENA

**TO:**    Karen V. Sullivan
Oberly, Jennings & Rhodunda, PA
1220 Market Street, Suite 710
P.O. Box 2054
Wilmington, DE 19899

**PLEASE TAKE NOTICE** that on the 30th day of April, 2008, Melissa R. Handrigan, attorney for Defendant Eaton Corporation, served the attached subpoena via email on Allison Transmission, Inc. ("Allison") through Eric Scroggins, in-house counsel for Allison, 4700 West 10th Street, Indianapolis, IN 46222, who agreed to accept service on behalf of Allison.

                              **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

Dated: April 30, 2008          /s/ Donald E. Reid
                                      Donald E. Reid (#1058)
                                      Jason A. Cincilla (#4232)
                                      1201 N. Market Street
                                      P.O. Box 1347
                                      Wilmington, DE 19801
                                      (302) 575-7219

                                      -and-
                                      Robert F. Ruyak
                                      Joseph A. Ostoyich

HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

Attorneys for Eaton Corporation

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

| SOUTHERN | DISTRICT OF | INDIANA |
|---|---|---|

| | |
|---|---|
| ZF Meritor LLC and Meritor Transmission Corp.<br>V.<br>Eaton Corp. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] 1:06-cv-623 (SLR) (D. Del.) |

TO: Allison Transmission, Inc.
4700 West 10th Street
Indianapolis, IN 46222

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Exhibit A

| PLACE  Howrey LLP, 1299 Pennsylvania Avenue, NW<br>Washington, DC 20004 | DATE AND TIME<br>5/20/2008 9:30 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   DATE 4/30/08
*Melissa Handrigan* (Attorney for Defendant)

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Melissa R. Handrigan, Esq. c/o Howrey LLP
1299 Pennsylvania Ave., NW Washington, DC 20004

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, you have been subpoenaed to "produce and permit inspection, copying, testing, or sampling of designated books, documents, electronically stored information, or tangible things in the possession, custody or control" of Allison Transmission, Inc.

## DEFINITIONS

1. "Allison Transmission," "you" and "your" means Allison Transmission, Inc. and any parent, subsidiary or affiliate entities, as well as the owners, partners, officers, directors, employees, agents, and other representatives of Allison Transmission, Inc. that are involved in the manufacturing, marketing or sale of transmissions for use in Class 8 trucks.

2. "ZF Meritor" means ZF Meritor LLC and Meritor Transmission Corporation, and any parent, subsidiary or affiliate entities, as well as the owners, partners, officers, directors, employees, agents, and other representatives of ZF Meritor LLC and Meritor Transmission Corporation.

3. "ZF Friedrichshafen AG" means ZF Friedrichshafen AG, the ZF Group, and any parent, subsidiary or affiliate entities, as well as the owners, partners, officers, directors, employees, agents, and other representatives of ZF Friedrichshafen AG and the ZF Group.

4. "Eaton" means Eaton Corporation and any parent, subsidiary or affiliate entities, as well as the owners, partners, officers, directors, employees, agents, and other representatives of Eaton Corporation.

5. "Person" means any natural person or legal entity, including, but not limited to, any corporation, partnership, proprietorship, firm, trust, association, government entity, organization or group of persons.

6.  "Class 8 Truck" means any vehicle with a gross vehicle weight of 33,001 pounds or more; these vehicles sometimes are referred to as heavy-duty trucks.

7.  "Transmission" means all makes and models or variations of transmissions used in Class 8 Trucks, whether used for linehaul, vocational, specialty, or other applications, and whether manual, automated manual or automated mechanical, or automatic.

8.  "Representative" means any employee, consultant, expert, attorney, contractor or other individual or entity engaged by the designated individual or entity to perform some task or assignment for the individual or entity.

9.  "Communication" means any transmittal of information and encompasses every medium of transmittal, including, but not limited to, oral, written, graphic and electronic communication.

10. "Document" is synonymous in meaning and equal in scope to the usage of the terms "document" and "tangible things" in Fed. R. Civ. P. 34(a), including but not limited to electronic or computerized data compilations. A draft or non-identical copy constitutes a separate document within the meaning of the term.

11. "Identify" when used in reference to a natural person means his or her name, residence and business telephone numbers, present residence and business addresses if known, and his or her present or last known title, position and business affiliation.

12. "Identify" when used in reference to a person other than a natural person means the full and official name of the business or other legal entity, its principal place of business, and the main telephone number of such entity.

13. "Relate" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having

2

a relationship to or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

14. Any term stated in the singular includes the plural and vice versa.

15. "Any" and "each" are understood to include and encompass "all."

16. Whenever the conjunctive is used, it shall also be taken in the disjunctive, and vice versa.

## INSTRUCTIONS

1. Documents to be produced include documents in your possession, custody, or control wherever located.

2. Pursuant to Fed. R. Civ. P. 45(d)(1), you must produce documents "as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand."

3. Pursuant to Fed. R. Civ. P. 45(d)(2), if any document is withheld from production on the basis of any claimed privilege or immunity or other ground, it "shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim."

4. These requests for production of documents are of a continuing nature, and Allison Transmission is under a duty to amend in a timely fashion a prior response to a request for production if it learns that the response is in some material respect incomplete or incorrect, or if any documents responsive to these requests for production of documents are hereafter acquired.

5. Unless otherwise indicated, each of these requests seeks documents that relate to, or were created, generated, sent or received during, the period January 1, 1999 to the present.

## REQUESTS FOR PRODUCTION

1. All documents that relate to your actual or potential sale of transmissions for Class 8 trucks, including but not limited to documents provided by any actual or potential customer, and documents that relate to any meeting or communication between Allison Transmission and any actual or potential Class 8 transmission customer.

2. All documents that relate to your actual or potential contracts or agreements for the sale of transmissions, including documents that relate to negotiations for the sale of transmissions.

3. All documents that relate to actual or potential competition between you and any other manufacturer or supplier of manual, automated manual or automated mechanical, or automatic transmissions for use in Class 8 trucks, including but not limited to documents that relate to actual or potential competition between you and Eaton or ZF Meritor or ZF Friedrichshafen AG.

4. All documents that relate to your share or the share of any other transmission manufacturer or supplier in any market for, or of the total sales of, transmissions suitable for use in Class 8 trucks.

5. All documents that relate to distinctions or similarities in transmissions that make them more or less suitable for use in linehaul, vocational, specialty, or other Class 8 trucks.

6. All documents that relate to any effort to sell transmissions to customers located outside of the United States.

7. All documents that relate to any business plans, strategic plans, study or analysis concerning the manufacture, marketing, or sale of transmissions.

8. For each transmission that you have sold, documents sufficient to show or enable calculation on a monthly, quarterly, and annual basis of: (1) total transmission sales by model (including both units and dollars of each model); (2) gross and net profits or margins on such sales; (3) costs of goods sold, including manufacturing and shipping

costs; (4) general and administrative expenses; (5) sales and marketing expenses; (6) fixed unit production costs for producing each transmission sold; (7) actual variable unit production costs for producing each transmission sold; (8) variable unit production costs for producing each transmission sold; (9) total unit production costs for producing each transmission sold; (10) average cost of each transmission sold; and (11) average pre-tax profit on the units of each transmission sold.

9. All documents that relate to any effort by you or any Class 8 transmission manufacturer or seller to encourage Class 8 truck buyers to order trucks with transmissions from a particular transmission manufacturer or supplier.

10. All documents that relate to any effort to market or sell Class 8 transmissions with transmissions suitable for other vehicle classes or with other drive train products.

11. All documents that relate to any of your customers' preferences for or loyalty to the Class 8 transmissions of any particular manufacturer or supplier.

12. All documents that relate to your efforts to market or sell your Class 8 transmissions, including but not limited to any rebates, discounts, price concessions or other financial incentives you offered or provided to any actual or potential Class 8 transmission customer.

13. All documents that relate to your advertising, marketing, and sales strategies for transmissions.

14. All documents that relate to expected or actual demand for Class 8 trucks or Class 8 transmissions whether expressed in dollars or unit quantities or otherwise.

15. All documents that relate to the expected and actual size of any Class 8 transmission market, including but not limited to documents that relate to any downturn in any market.

16. All documents that relate to transmissions manufactured or sold by Eaton, ZF Meritor, or ZF Friedrichshafen AG or to this lawsuit.