IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZF MERITOR LLC and MERITOR TRANSMISSION CORPORATION,<br><br>      Plaintiffs,<br><br>v.<br><br>EATON CORPORATION,<br><br>      Defendant. | )<br>)<br>)<br>)<br>) C.A. No. 06-623 (SLR)<br>)<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF SERVICE OF SUBPOENA

**TO:** Donald E. Reid
Morris, Nichols, Arsht, & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
dreid@mnat.com

**PLEASE TAKE NOTICE** that on the 25th of July, 2008, the attached subpoena was served via email by Jennifer Hackett on Allison Transmission Corporation, Inc. through Eric Scroggins, General Counsel, Allison Transmission Corporation, Inc., 4700 West 10th Street; Indianapolis, IN 46222, who agreed to accept service on behalf of Allison Transmission Corporation.

Dated: July 28, 2008

WOLFBLOCK LLP

*/s/ Charles M. Oberly*

Charles M. Oberly, III (No. 743)
Karen V. Sullivan (No. 3872)
1220 Market Street, Suite 710
1100 North Market Street
Wilmington, DE 19801
(302) 777-5860 – telephone
(302) 777-5863 – facsimile

- and -

R. Bruce Holcomb
Christopher H. Wood
Jennifer D. Hackett
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403

*Attorneys for Plaintiffs ZF Meritor LLC and
Meritor Transmission Corporation*

# EXHIBIT A

≈AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Southern District of Indiana

ZF MERITOR LLC, et al.  **SUBPOENA IN A CIVIL CASE**

V.

EATON CORPORATION

Case Number:[1] 06-623-SLR (D. DEL.)

TO: Allison Transmission Corporation, Inc.
4700 West 10th Street
Indianapolis, IN 46222

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE  Dickstein Shapiro LLP, 1825 Eye Street NW, Washington DC 20006 | DATE AND TIME  8/22/2008 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) (atty. for plaintiffs)   DATE 7/25/08

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christopher H. Wood, Dickstein Shapiro LLP, 1825 Eye Street NW, Washington DC 20006 (202) 420-2200

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, you have been subpoenaed to produce the documents and electronically stored information identified below in the possession, custody or control of Allison Transmission, Inc.

### DEFINITIONS

1. "*You,*" "*Your,*" or "*Allison*" means Allison Transmission, Inc., its present and former officers, directors, employees, agents, representatives, attorneys, consultants and all other persons or entities authorized to act or acting on its behalf for any purpose whatsoever.

2. "*ZF Meritor*" means ZF Meritor LLC and Meritor Transmission Corporation.

3. "*Class 8 Truck*" means any vehicle with a gross vehicle weight of 33,001 pounds or more; these vehicles sometimes are referred to as heavy-duty trucks.

4. "*Class 8 Transmission*" means all makes and models or variations of transmissions used in *Class 8 Trucks*, whether used for linehaul, vocational, or other applications, and whether manual, automated manual or automated mechanical, or automatic.

5. "*North America*" means the United States, Canada, and Mexico.

6. "*Document*" is used in the broadest sense permissible under Fed. R. Civ. P. 34, and includes, without limitation, all originals and non-identical copies and drafts, whether different from the original in any way (e.g., marginalia, handwritten notations, email conversation threads or document family groups containing the original) of all writings, electronically stored information, data, graphic matter, visual or aural representations (e.g., photographs, recordings, drawings, voice messages and voicemails), and any other medium upon which, or from which any representation, communication, or other information can be accessed, recorded, extracted, or memorialized.

## INSTRUCTIONS

1. Unless otherwise indicated, each of these requests seeks *Documents* pertaining to *North America* and for the period beginning January 1, 1999 and extending through October 31, 2007, including any *Documents* dated, generated, referring to, sent, or received during that period.

2. To the extent responsive *Documents* are maintained electronically, produce these *Documents* in the electronic, machine-readable form, in which they ordinarily are retained and in a manner that maintains the integrity of metadata, together with data dictionaries, lookup tables or other instructive materials necessary to read, display, and interpret the *Documents*.

3. *Documents* in *Your* possession, custody or control include, without limitation, information in headquarters buildings; corporate, divisional, regional, field marketing and sales, or other offices.

4. If any portion of a *Document* is responsive, produce for inspection the entire document, including any attachments and exhibits thereto.

5. If *You* do not have in *Your* possession, custody or control *Documents* responsive to all or part of a request herein, please so state in the response to that request and identify any category or sub-category of requested *Document* not in *Your* possession, custody or control.

6. For each responsive *Document* withheld from inspection and copying on the basis of an asserted privilege or other protection, provide a log to counsel for *ZF Meritor* containing information sufficient to meet the requirements of Fed. R. Civ. Pro. 45(d)(2).

7. If *You* decline to produce for inspection *Documents* requested herein on the basis of an objection (other than privilege), identify the specific category or sub-category of *Documents* being withheld and explicitly state the reason for the objection. Thus, for example, instead of objecting by stating only that production would be "unduly burdensome" or that the information

2

is not reasonably accessible, please explain why the production would cause the claimed burden or the information is not reasonably accessible.

8. If *You* object to any of the definitions, instructions, or requests herein as vague or ambiguous, identify the language *You* believe causes the vagueness or ambiguity and state how *You* have interpreted the contested language in formulating *Your* response(s).

9. *Your* production of *Documents* shall be covered by the Protective Order entered by the Court in this litigation.

## DOCUMENTS TO BE PRODUCED

1. *Documents* sufficient to show *Allison's Class 8 Transmission* market share, including share in any segments or markets within the *Class 8 Transmission* market, however *You* define those segments or markets (e.g., linehaul/fleet/on-highway, performance, specialty, vocational, on/off highway).

2. *Allison's* strategic/business/marketing/sales plans for *Class 8 Transmissions*.

3. Data sufficient to show, on a quarterly basis, *Allison's Class 8 Transmission* sales, by model, including the number of units sold and amounts paid for those units, accounting for discounts and rebates applied to those sales.

4. Data sufficient to show, on a quarterly basis, *Allison's* gross and net profits or margins on sales of *Class 8 Transmissions*.

5. Data sufficient to show, on a quarterly basis, *Allison's* total unit costs by *Class 8 Transmission* model.

3