**ZF Meritor LLC and Meritor Transmission Corporation v. Eaton Corporation**
**Civ. No. 06-623-SLR**

## Preliminary Jury Instructions

**Members of the Jury:**

Now that you have been sworn in, I have the following preliminary instructions for guidance on your role as jurors in this case.

**The Parties**

This is an action arising under the antitrust laws of the United States. The plaintiffs are ZF Meritor LLC and Meritor Transmission Corporation, which I will refer to as "Meritor." The defendant is Eaton Corporation, which I will refer to as "Eaton."

Meritor and Eaton, now or in the past manufactured and sold heavy duty truck transmissions. Heavy duty transmissions are purchased by truck manufacturers that will be referred to throughout trial as "OEMs."

Meritor claims that Eaton had monopoly power in the relevant markets for heavy duty transmissions and that Eaton used that power, through its contracts with OEMs and other conduct, to prevent Meritor from competing for business, causing injury to Meritor. Meritor asserts that Eaton has, individually and also in concert with the OEMs, engaged in anticompetitive conduct to acquire and maintain monopoly power in the market and to impede competition.

Eaton contends that its agreements with OEM benefited customers, were procompetitive and, as a result, denies plaintiffs' claims. More specifically, Eaton contends that it did not have the power to control prices to its OEM customers and, in fact, that the OEMs exercised substantial market power over the prices that Eaton was able to obtain for its transmissions. Eaton also denies that it harmed its OEM customers or acted anticompetitively.

**Summary of the Issues**

In this case, you must decide several things according to the instructions that I shall give you at the end of the trial. Those instructions will repeat this summary and will provide more detail. In essence, you must decide:

1. Whether Meritor has proven, by a preponderance of the evidence, that Eaton has engaged in concerted action that unreasonably restrained trade.

2. Whether Meritor has proved, by a preponderance of the evidence, that Eaton unlawfully acquired or unlawfully maintained a monopoly.

3. Whether Meritor has proven, by a preponderance of the evidence, that Eaton has attempted to monopolize.

4. Whether Meritor has proven, by a preponderance of the evidence, that Eaton entered into an exclusive dealing arrangement that foreclosed competition in a substantial share of the relevant market.

5. If Meritor has proven any of the foregoing claims, whether Meritor has also proven, by a preponderance of the evidence, that Eaton's anticompetitive conduct was a material cause of injury to Meritor.

**Burden of Proof**

This is a civil case. Meritor is charging Eaton with violation of the antitrust laws, and has the burden of proving their claims by what is called a preponderance of the evidence. That means that Meritor has to produce evidence which, when considered in the light of all the facts, leads you to believe that what Meritor claims is more likely true than not. To put it diffeently, if you were to put the evidence of Meritor on the opposite side of a scale from the evidence of Eaton, the evidence supporting Meritor's claims would have to make the scales tip somewhat on its side.

2

**Preliminary Instruction Regarding the Sherman and Clayton Acts**

This is a case in which Meritor alleges that Eaton violated certain provisions of the Sherman and Clayton Acts, the principal antitrust laws of the United States. The purpose of these acts is to preserve free and unfettered competition in the marketplace. The acts rest on the central premise that competition produces the best allocation of our economic resources, the lowest prices, the highest quality, and the greatest material progress.

You will be asked in this case to determine whether Eaton violated Sections 1 or 2 of the Sherman Act or Section 3 of the Clayton Act. Section 1 of the Sherman Act prohibits contracts, combinations and conspiracies that unreasonably restrain trade. Similarly, Section 3 of the Clayton prohibits exclusive dealing contracts that foreclose competition in a substantial portion of the relevant product market. Briefly, with respect to these claims, you will be asked to determine whether Eaton's contracts with the OEMs and other conduct unreasonably restrained trade or foreclosed competition in a substantial portion of the relevant market.

Section 2 of the Sherman Act prohibits monopolization and attempted monopolization. Briefly, you will be asked to determine whether Eaton acquired and possessed monopoly power in a relevant market, or had a dangerous probability of obtaining a monopoly in a relevant market, by engaging in anticompetitive conduct.

In connection with each of Meritor's claims, you will also be asked to take into consideration any alleged legitimate business justifications offered by Eaton for its conduct, and weigh these alleged justifications against competitive harms caused by Eaton's conduct. I will give you more detailed instructions about the elements of Meritor's antitrust claims at the end of the trial.

### Duty of Jury

It will be your duty to find what the facts are from the evidence as presented at trial. You and you alone, are the judges of the facts. You will have to apply those facts to the law as I will instruct you at the close of evidence. You must follow that law whether you agree with it or not.

You are the judges of the facts. I will decide which rules of law apply to this case. Nothing I say or do during the course of the trial is intended to indicate what your verdict should be.

### Evidence

The evidence from which you will find the facts will consist of the testimony of witnesses, and documents and other things admitted into evidence. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

In the course of the case, you will hear videotaped deposition testimony. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers from each party may ask questions. A court reporter is present and records the questions and answers. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

In the course of the trial you will also hear from expert witnesses. When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field – that person is called an expert witness – is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it, and how much weight to give that testimony.

Certain things are not evidence.

4

1. Statements, arguments and questions by lawyers are not evidence. Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection, and find the matter is not admissible, you should ignore the question or other item of evidence. If I overrule an objection and allow the matter in evidence, you should consider the testimony or other item of evidence as you would any evidence. If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider the evidence for that purpose only. I will instruct you further during the trial if this happens.

2. Anything you see or hear outside the courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the courtroom.

In judging the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.

**Conduct of the Jury**

Now, a few words about your conduct as jurors.

You should not reach any conclusions as to the issues presented until all the evidence is in and you have been given your final instructions. You may write questions down and give them to Larisha, my courtroom deputy. She will give the questions to me and I will pass them along to the attorneys, who may or may not try to incorporate your questions into their examinations.

Finally, you must only consider the evidence presented in the courtroom. Do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there may be a newspaper article or radio or television report relating to this case, do not read

the article or watch or listen to the repot. In addition, do not try to do any independent research or investigation on your own on matters relating to this case.

The proceedings during trial will be transcribed by court reporters; however, it is not the practice of this Court to make the trialtranscripts available to jurors. You must rely on your own recollection of what testimony was presented and how credible that testimony was.

If you wish, you may take notes to help you remember what witnesses said. My courtroom deputy will arrange forpens, pencils, and paper. If you do take notes, please keep them to yourself until the end of the trial when you and your fellow jurors go to the jury room to decide the case. Here are some other specific points to keep in mind about note taking:

(1) Note-taking is permitted, but it is not required. You are not required to take notes. How many notes you want to take, if any, is entirely up to you.

(2) Please make sure that note-taking does not distract you from your tasks as jurors. You must listen to all the testimony of each witness. You also need to decide whether and how much to believe each witness. That will require you to watch the appearance, behavior, and manner of each witness while he or she is testifying. You cannot write down everything that is said and there is always a fear that a juror will focus so much on notetaking that he or she will miss the opportunity to make important observations.

(3) Your notes are memory aids; they are not evidence. Notes are not a record or written transcript of the trial. Whether or not you take notes, you will need to rely on your own memory of what was said. Notes are only to assist your memory; you should not be overly influenced by notes.

(4) Finally, please wear your juror identification tags everyday, so that theparties can avoid engaging you in conversation, thereby bringing your impartiality into question.

6

**Course of the Trial**

Once the trial has begun, the attorneys will have three opportunities to talk to you. The first opportunity is the opening statement. During the opening statements, the attorneys will introduce their respective stories to you. As I've already instructed, however, what the lawyers say is not evidence. It will be up to you to determine whether the evidence– the testimony of the witnesses and the admitted documents – supports what the lawyers say in their opening statements. The second opportunity that the lawyers have to talk to you is during transition statements. Lawyers are permitted to make transition statements whenever they call a witness to the stand, to introduce the witness and to briefly explain the relevance of the witness's anticipated testimony. Finally, after all the evidence is in, the lawyers will offer closing arguments to summarize and interpret the evidence for you, and to tie the evidence to their story. I will then give you instructions on the law and describe for you the matters you must resolve.

You will then retire to the jury room to deliberate on your verdict.

I have given you a tentative schedule for this trial. You should generally expect that we will start the trial each morning at 9:30 a.m. and finish at 4:30 p.m., with two 15-minute breaks (morning and afternoon), and one half-hour break for lunch. As I said earlier, I time my civil trials, meaning each party is given a certain number of hours in which to present its evidence. This system can only work, however, if you, as jurors, report to the courtroom on a punctual basis as well.