IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZF MERITOR LLC and MERITOR TRANSMISSION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EATON CORPORATION,<br><br>Defendant. | Civ. No. 06-623-SLR |

**VERDICT SHEET**

Dated: October 7, 2009

We, the jury, unanimously find as follows:

I. **Relevant Markets**

    1.    Did plaintiffs prove, by a preponderance of the evidence, that the relevant product markets in this case are the market for heavy-duty linehaul truck transmissions and the market for heavy-duty performance truck transmissions?

    *"Yes" is a finding for plaintiffs. "No" is a finding for defendant.* Yes

    <u>Heavy duty linehaul?</u>        Yes _____    No _____

    <u>Heavy duty performance?</u>    <u>Yes</u>    <u>No</u>

    *If your answer is "Yes," <u>to either of the above</u> proceed to Question 2.*
    *If your answer is "No," <u>to both of the above</u> do not consider any additional questions. Please sign this verdict sheet and inform the court security officer that you have reached a verdict.*

    2.    Did plaintiffs prove, by a preponderance of the evidence, that the relevant geographic market is North America?

    *"Yes" is a finding for plaintiffs. "No" is a finding for defendant*

    Yes _____                                 No _____

    *If your answer is "Yes," proceed to Question 3.*
    *If your answer is "No," do not consider any additional questions. Please sign this verdict sheet and inform the court security officer that you have reached a verdict.*

II. **Plaintiffs' Section I Unreasonable Restraint of Trade Claim**

    3.    Did plaintiffs prove, by a preponderance of the evidence, the existence of a contract, combination or conspiracy between defendant and others?

    *"Yes" is a finding for plaintiffs. "No" is a finding for defendant.*

    Yes _____                                 No _____

    *If your answer is "Yes," proceed to Question 4.*
    *If your answer is "No," proceed to Question 6.*

    4.    Did plaintiffs prove, by a preponderance of the evidence, that the contract, combination or conspiracy unreasonably restrained trade?

*"Yes" is a finding for plaintiffs. "No" is a finding for defendant.*

Yes _____                           No _____

    *If your answer is "Yes," proceed to Question 5.*
    *If your answer is "No," proceed to Question 6.*

    5.    <u>Have plaintiffs proven by a preponderance of the evidence that any contract(s), combination, or conspiracy that you found in question ____ had a harmful effect on competition in a relevant product and geographic market(s)?</u>

    <u>Yes _____                           No _____</u>

    <u>*"Yes" is a finding for plaintiffs. "No" is a finding for defendant.*</u>

    <u>*If Yes, please specify any such contract:*</u>

    <u>Freightliner agreement?</u>    <u>Yes _____</u>    <u>No _____</u>

    <u>Volvo/Mack agreement?</u>    <u>Yes _____</u>    <u>No _____</u>

    <u>International agreement?</u>    <u>Yes _____</u>    <u>No _____</u>

    <u>Paccar agreement?</u>    <u>Yes _____</u>    <u>No _____</u>

    <u>*Proceed to Question ____.*</u>

    6.    <u>Did defendant prove, by a preponderance of the evidence, that its anticompetitive conduct (as per Question ____) had competitive benefits?</u>

    *"Yes" is a finding for plaintiffs. "No" is a finding for defendant.*

    Yes _____                           No _____

    *If your answer is "Yes," proceed to Question ____.*
    *If your answer is "No," proceed to Question ____.*

    7.    <u>Did plaintiffs prove, by a preponderance of the evidence, that the competitive harms outweigh the competitive benefits?</u>

    *"Yes" is a finding for plaintiffs. "No" is a finding for defendant.*

    Yes _____                           No _____

    *If your answer is "Yes," proceed to Question ____.*
    *If your answer is "No," proceed to Question ____.*

~~5.~~8.    Did plaintiffs prove, by a preponderance of the evidence, that defendant's unreasonable restraint of trade caused plaintiffs to suffer antitrust injuries?

*"Yes" is a finding for plaintiffs. "No" is a finding for defendant*

Yes _____                    No _____

*Proceed to Question ~~6~~.*

III.   **Plaintiffs' Section 2 Monopolization Claim**

~~6.~~9.    Did plaintiffs prove, by a preponderance of the evidence, that defendant possessed monopoly power <u>– that is, did defendant have the power to control prices and exclude competition –</u> in the relevant markets you identified in response to Questions 1 and 2?

*"Yes" is a finding for plaintiffs. "No" is a finding for defendant*

Yes _____                    No _____

*If your answer is "Yes," proceed to Question ~~7~~.*
*If your answer is "No," proceed to Question ~~12~~.*

~~7.~~10.    Did plaintiffs prove, by a preponderance of the evidence, that defendant engaged in anticompetitive conduct?

*"Yes" is a finding for plaintiffs. "No" is a finding for defendant*

Yes _____                    No _____

*If your answer is "Yes," proceed to Question ~~8~~.*
*If your answer is "No," proceed to Question ~~12~~.*

~~8.~~11.    Did plaintiffs prove, by a preponderance of the evidence, that defendant willfully acquired or maintained monopoly power (as per Question ~~6~~) in a relevant market (as per Questions 1 and 2) by engaging in anticompetitive conduct (as per Question ~~7~~)?

*"Yes" is a finding for plaintiffs. "No" is a finding for defendant.*

Yes _____                    No _____

*If your answer is "Yes," proceed to Question ~~9~~.*
*If your answer is "No," proceed to Question ~~12~~.*

12.    Which contracts, if any, have plaintiffs proven by a preponderance of the evidence defendant used to willfully acquire or maintain monopoly power?

*Please specify any such contract:*

Freightliner agreement?          Yes_____    No_____

Volvo/Mack agreement?         Yes_____    No_____

International agreement?         Yes_____    No_____

Paccar agreement?                   Yes_____    No_____

*Proceed to Question ___.*

9.13.  Did defendant prove, by a preponderance of the evidence, that its anticompetitive conduct (as per Question 7) had competitive benefits?

*"Yes" is a finding for plaintiffs. "No" is a finding for defendant.*

Yes _____                    No _____

*If your answer is "Yes," proceed to Question 10.*
*If your answer is "No," proceed to Question 12.*

10.14.  Did plaintiffs prove, by a preponderance of the evidence, that the competitive harms outweigh the competitive benefits?

*"Yes" is a finding for plaintiffs. "No" is a finding for defendant.*

Yes _____                    No _____

*If your answer is "Yes," proceed to Question 11.*
*If your answer is "No," proceed to Question 12.*

11.15.  Did plaintiffs prove, by a preponderance of the evidence, that defendant's monopolization caused plaintiffs to suffer antitrust injuries?

*Yes" is a finding for plaintiffs. "No" is a finding for defendant.*

Yes _____                    No _____

*If your answer is "Yes," proceed to Question 16.*
*If your answer is "No," proceed to Question 12.*

16.    For any injury you found in response to question ___, do you find by a preponderance of the evidence that any such injury to plaintiffs was caused by a reduction in

competition, acts that would lead to a reduction in competition, or acts that would otherwise harm consumers?

    Yes          No

  *Proceed to Question ___.*

IV.  **Plaintiffs' Section 2 Attempt to Monopolize Claim**

~~12.~~ 17.  Did plaintiffs prove, by a preponderance of the evidence, that defendant engaged in anticompetitive conduct (as per Question ~~7~~)?

  *Yes" is a finding for plaintiffs. "No" is a finding for defendant.*

  Yes _____        No _____

  *If your answer is "Yes," proceed to Question ~~13~~.*
  *If your answer is "No," proceed to Question ~~16~~.*

~~13.~~ 18.  Did plaintiffs prove, by a preponderance of the evidence, that defendant had a specific intent to achieve monopoly power in the relevant markets identified in Questions 1 and 2?

  *Yes" is a finding for plaintiffs. "No" is a finding for defendant.*

  Yes _____        No _____

  *If your answer is "Yes," proceed to Question ~~14~~.*
  *If your answer is "No," proceed to Question ~~16~~.*

19.  Which contracts, if any, have plaintiffs proven by a preponderance of the evidence that defendant entered into with the specific intent to achieve monopoly power in the relevant markets identified in Questions 1 and 2?

  Please specify any such contract:

| | | |
|---|---|---|
| Freightliner agreement? | Yes _____ | No _____ |
| Volvo/Mack agreement? | Yes _____ | No _____ |
| International agreement? | Yes _____ | No _____ |
| Paccar agreement? | Yes _____ | No _____ |

  *Proceed to Question ___.*

20. Did defendant prove, by a preponderance of the evidence, that its anticompetitive conduct (as per Question ___) had competitive benefits?

*"Yes" is a finding for plaintiffs. "No" is a finding for defendant.*

Yes _____ No _____

*If your answer is "Yes," proceed to Question ___.*
*If your answer is "No," proceed to Question ___.*

21. Did plaintiffs prove, by a preponderance of the evidence, that the competitive harms outweigh the competitive benefits?

*"Yes" is a finding for plaintiffs. "No" is a finding for defendant.*

Yes _____ No _____

*If your answer is "Yes," proceed to Question ___.*
*If your answer is "No," proceed to Question ___.*

~~14.~~22. Did plaintiffs prove, by a preponderance of the evidence, that there was a dangerous probability that defendant would achieve its goal of monopoly power in the relevant markets identified in Questions 1 and 2?

*Yes" is a finding for plaintiffs. "No" is a finding for defendant.*

Yes _____ No _____

*If your answer is "Yes," proceed to Question ~~15~~.*
*If your answer is "No," proceed to Question ~~16~~.*

Yes _____ No _____

~~15.~~23. Did plaintiffs prove, by a preponderance of the evidence, that defendant's attempt to monopolize caused plaintiffs to suffer antitrust injuries?

*Yes" is a finding for plaintiffs. "No" is a finding for defendant.*

Yes _____ No _____

24. For any injury you found in response to question ___, do you find by a preponderance of the evidence that any such injury to plaintiffs was caused by a reduction in competition, acts that would lead to a reduction in competition, or acts that would otherwise harm consumers?

*Proceed to Question ~~16~~.*

V. **Plaintiffs' Clayton Act Section 3 Claim**

~~16.~~25. Did plaintiffs prove, by a preponderance of the evidence, that defendant entered into contracts for the sale of heavy-duty transmissions that constituted de facto exclusive dealing contracts?

*"Yes" is a finding for plaintiffs. "No" is a finding for defendant.*

Yes _____    No _____

*If your answer is "Yes," proceed to Question ~~17~~.*
*If your answer if "No," do not consider any additional questions. Please sign this verdict sheet and inform the court security officer that you have reached a verdict.*

~~17.~~26. Did plaintiffs prove, by a preponderance of the evidence, that defendant entered into a sufficient number of de facto exclusive dealing contracts such that it substantially lessened competition or tended to create a monopoly in the relevant markets identified in Questions 1 and 2?

*Yes" is a finding for plaintiffs. "No" is a finding for defendant.*

Yes _____    No _____

*If your answer is "Yes," proceed to Question ~~18~~.*
*If your answer is "No," do not consider any additional questions. Please sign this verdict sheet and inform the court security officer that you have reached a verdict.*

27. Have plaintiffs proven by a preponderance of the evidence that any contract(s) that you found in question _____ had a harmful effect on competition in a relevant product and geographic market(s)?

Yes _____    No _____

*"Yes" is a finding for plaintiffs. "No" is a finding for defendant.*

*If Yes, please specify any such contract:*

Freightliner agreement?           Yes _____    No _____

Volvo/Mack agreement?         Yes _____    No _____

International agreement?         Yes _____    No _____

Paccar agreement?                  Yes _____    No _____

*Proceed to Question _____.*

28.   Did defendant prove, by a preponderance of the evidence, that its anticompetitive conduct (as per Question __) had competitive benefits?

*"Yes" is a finding for plaintiffs. "No" is a finding for defendant.*

Yes _____   No _____

*If your answer is "Yes," proceed to Question ___.*
*If your answer is "No," proceed to Question ___.*

29.   Did plaintiffs prove, by a preponderance of the evidence, that the competitive harms outweigh the competitive benefits?

*"Yes" is a finding for plaintiffs. "No" is a finding for defendant.*

Yes _____   No _____

*If your answer is "Yes," proceed to Question ___.*

*If your answer is "No," proceed to Question ___.*

~~18. Did plaintiffs prove, by a preponderance of the evidence, that any legitimate business justifications for the de facto exclusive dealing contracts were unreasonable?~~

~~*Yes" is a finding for plaintiffs. "No" is a finding for defendant.*~~

~~Yes _____   No _____~~

~~*If your answer is "Yes," proceed to Question 19.*~~
~~*If your answer is "No," do not consider any additional questions. Please sign this verdict sheet and inform the court security officer that you have reached a verdict.*~~

~~19.~~ 30.   Did plaintiffs prove, by a preponderance of the evidence, that defendant's de facto exclusive dealing contracts caused plaintiffs to suffer antitrust injuries?

*Yes" is a finding for plaintiffs. "No" is a finding for defendant.*

Yes _____   No _____

Please sign this verdict sheet and inform the court security officer that you have reached a verdict.

We, the jurors, by signing below, indicate our unanimous verdict.

| | |
|---|---|
| _____ | _____ |
| Jury Foreperson | Juror |
| | |
| _____ | _____ |
| Juror | Juror |
| | |
| _____ | _____ |
| Juror | Juror |
| | |
| _____ | _____ |
| Juror | Juror |
| | |
| _____ | _____ |
| Juror | Juror |

Dated: October \_\_\_\_\_, 2009

Respectfully submitted,

*/s/ Donald E. Reid*
Donald E. Reid
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DC 19899-1347
(302) 351-9219

Of Counsel:

Robert F. Ruyak
Joseph A. Ostoyich
Andrew D. Lazerow
Erik T. Koons
Melissa R. Handrigan
William C. Lavery
Veronica N. Berger
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
(202) 783-0800

Attorneys for Defendant
Eaton Corporation

## CERTIFICATE OF SERVICE

I, Donald E. Reid, hereby certify that on the 6th day of October, 2009, a copy of the foregoing was served by hand delivery on the following counsel of record:

Karen V. Sullivan, Esquire
Drinker Biddle & Reath LLP
1100 North Market Street
Suite 1000
Wilmington, DE 19801

R. Bruce Holcomb, Esquire
Christopher H. Wood, Esquire
c/o Doubletree Law Center
700 North King Street
Wilmington, DE 19801

Peter J. Kadzik, Esquire
c/o Doubletree Law Center
700 North King Street
Wilmington, DE 19801

_____
Donald E. Reid (#1058)