UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| ZF MERITOR LLC and MERITOR TRANSMISSION CORPORATION, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. 06-623 (SLR) |
| EATON CORPORATION, ) ) | |
| Defendant. ) ) | JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION REGARDING
NATURE AND SCOPE OF TRIAL**

Pursuant to the Court's January 8, 2013 scheduling order directing the parties to file, by March 25, "motions relating to . . . the nature and scope of any trial, if same should become necessary," Plaintiffs ZF Meritor LLC and Meritor Transmission Corporation ("Plaintiffs") move the Court to implement the following proposal.

**BACKGROUND**

As has happened in prior antitrust cases in this Circuit, this case was bifurcated into two phases: liability (violation and antitrust injury) in the first phase; and amount of damages in the second. *See, e.g., Bonjorno v. Kaiser Aluminum & Chem. Corp.*, 752 F.2d 802 (3d Cir. 1984); *In re Lower Lake Erie Iron Ore Antitrust Litigation*, 998 F.2d 1144 (3d Cir. 1993). After a trial on the liability issues, the jury found that Eaton's conduct violated Sections 1 and 2 of the Sherman Act and Section 3 of the Clayton Act, and that each of these violations caused Plaintiffs antitrust injuries. D.I. 217. That finding has been upheld by both this Court and the Court of Appeals. *See* D.I. 260 (Order Denying Motion for Judgment as a Matter of Law or For a New Trial, Mar. 10, 2011)*; ZF Meritor, LLC v. Eaton Corp., 696 F.3d 254, 285 (3d Cir. 2012)*; Nos. 11-3301,

11-3426, 2012 WL 4483899 (3d Cir. Sept. 28, 2012) (petition for rehearing and rehearing en banc denied October 26, 2012). Eaton filed a Petition for Writ of Certiorari in the Supreme Court on February 27, 2013. Plaintiffs anticipate filing their Response on March 27, 2013.

After the Third Circuit upheld the jury's liability verdict and remanded this case with respect to damages, the Court set a status conference for November 28, 2012. On November 26 and 27, respectively, Eaton filed (1) a motion to stay the proceedings in this Court (D.I. 297), and (2) a status conference statement urging that "any new trial would have to encompass both liability as well as damages." D.I. 300 at 3. At the status conference, the Court denied Eaton's motion to stay the proceedings, and directed the parties to submit their respective positions on the nature and scope of a trial. *See* November 28, 2012 Minute Entry for Oral Order. On January 8, 2013, the Court entered a scheduling order setting forth various deadlines, including for this motion.

## PLAINTIFFS' PROPOSAL REGARDING TRIAL

### I. EATON CANNOT RETRY THE LIABILITY ISSUES

Following the liability jury's verdict and the result of the appellate process, the proceedings in this Court now should solely involve the quantification of Plaintiffs' damages. While evidence in the liability phase will apply to the damages phase, Eaton should not be allowed to re-try any of the liability issues.

The Third Circuit judgment upholding the jury liability verdict is binding law of the case. *See, e.g.*, *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949 (3d Cir. 1985) ("It is axiomatic that on remand for further proceedings after decision by an appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal. A trial court must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." (citations omitted)).

*See also United States v. Kennedy*, 682 F.3d 244, 253 (3d Cir. 2012) (mandate rule "promotes predictability and finality by notifying parties of the matters that remain open on remand and committing the rest to final resolution").

This result is required as a matter of both proper procedure and efficiency. Otherwise, the liability phase of the trial and the subsequent judicial review would be wasted -- a result Eaton certainly did not suggest when it previously asked this Court to allow for appellate review before addressing damages. D.I. 263 at 4-5 (Eaton's Memorandum of Law in Support of Its Motion to Amend The Court's March 10, 2011 Order and Enter Final Judgment of Zero Damages and No Injunctive Relief); D.I. 270 at 16-17 (Eaton's Memorandum of Law in Support of Its Motion For Certification of Orders For Immediate Interlocutory Appeal Under 28 U.S.C. § 1292(b)).

Moreover, any re-trial of the liability issues would be a violation of Plaintiffs' Seventh Amendment rights.[1] In *In re Lower Lake Erie Iron Ore Antitrust Litigation*, 998 F.2d 1144 (3d Cir. 1993), a jury had decided liability in a bifurcated antitrust case. During the subsequent damages phase of the trial, the district court allowed defendant to ask the damages jury to second-guess the implicit (not explicit, as here) finding of injury by the liability jury. The Third Circuit ordered a new damages trial, finding a "clear violation of the Seventh Amendment." *Id.* at 1183-85. The Court of Appeals held that "the role of the second jury should have been limited to determining the amount of damages [plaintiff] incurred from acts taken in furtherance of the conspiracy." *Id.* at 1183. Instead, the judge in the damages trial allowed the jury to hear an "overlap of causation questions," which the Third Circuit held was impermissible given the

---

[1] The Seventh Amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

finding of liability in the previous phase of the trial. *Id.* at 1183-85. *See also Bonjorno v. Kaiser Aluminum & Chem. Corp.*, 752 F.2d 802, 813 (3d Cir. 1984) (second jury not "to evaluate or decide factual issues that were involved in the first trial.").

## II.  THE DAMAGES PHASE OF THE TRIAL

The damages phase should consist of (1) explanation to the damages jury of the findings and conclusive nature of the verdict in the liability phase of the trial; (2) sufficient evidence from the liability phase of the trial to inform the damages jury of the context in which it is deciding damages; and (3) further evidence relating to amount of damages. In *Bonjorno*, the Third Circuit approved such an approach in bifurcated antitrust proceedings, noting that:

> It is of course necessary, when conducting a bifurcated trial before two juries, to inform the second jury about some of the evidence and results of the first trial. This is not to say that the second jury was to evaluate or decide factual issues that were involved in the first trial. In this case, antitrust matters are extremely complex, and it would have been unfair not to give the jury some background material on the trial. Questions of trial conduct are committed to the discretion of the trial court.

752 F.2d at 813.

Plaintiffs submit that the Court should order the following:

A. No Retrial of Liability Issues

1. The first jury's verdict is conclusive on all liability issues, and will not be retried or re-visited in whole or any part during the damages phase of the trial.

B. Admission of Evidence

1. The evidence admitted during the liability phase of the trial is in evidence and can be used in the damages phase of the trial.

2. With respect to any additional exhibits (other than demonstrative exhibits) to be offered into evidence, or any additional witnesses, the

        exhibit and witness lists from the first phase of the trial will apply (since they were compiled and submitted before the Court bifurcated the trial).

    3.    The completed jury verdict form from the liability phase of the trial is admitted into evidence and may be read and shown to the damages jury.

### C.    Length of Trial

Given that the only issue left to be tried is the amount of damages, the damages phase can be tried (from openings to closings) within approximately seven days.

### D.    Preliminary Jury Instructions

The Court will provide the damages jury with substantive preliminary instructions. At the time of Preliminary Jury Instructions, the Court will read to and show the damages phase jury the completed verdict form from the first phase of the trial.

*   *   *

Plaintiffs respectfully request that the Court set a damages phase trial date as soon as practicable after the resolution of (1) Eaton's request for review by the Supreme Court, and (2) the pretrial motions raised in this Court by the parties today.

March 25, 2013                             Respectfully submitted,

                                                /s/ Joseph C. Schoell
                                                Joseph C. Schoell (Bar I.D. No. 3133)
                                                Drinker Biddle & Reath LLP
                                                1100 North Market Street, Suite 1000
                                                Wilmington, Delaware  19801
                                                Telephone:    (302) 467-4200
                                                joseph.schoell@dbr.com

Jay N. Fastow
*Counsel of Record*
Justin W. Lamson
Dickstein Shapiro LLP
1633 Broadway
New York, NY 10019-6708
Telephone: (212) 277-6767
Fastowj@dicksteinshapiro.com

Jennifer D. Hackett
Dickstein Shapiro LLP
1825 Eye Street, NW
Washington, DC 2006-5403
Telephone: (202) 420-4413
hackettj@dicksteinshapiro.com

R. Bruce Holcomb
Adams Holcomb LLP
1875 Eye Street NW
Suite 810
Washington, DC 20006
Telephone: (202) 580-8820
Holcomb@adamsholcomb.com

Christopher H. Wood
12347 Ross Creek Drive
Deer Mountain, UT 84036
Telephone: (703)-868-3136

Counsel for Plaintiffs
ZF Meritor LLC, and Meritor
Transmission Corporation

DSMDB-3142356