IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ZF MERITOR LLC and MERITOR TRANSMISSION CORPORATION, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. No. 06-623-SLR ) |
| EATON CORPORATION, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM**

At Wilmington this 18th day of June, 2014, having reviewed defendant Eaton Corporation's ("Eaton") motion in limine (D.I. 377) and Eaton's request to exclude lost profits (D.I. 375), the papers submitted in connection therewith, and the arguments of counsel; the court issues its decision consistent with the reasoning that follows:

1. The trial on damages is scheduled to commence on June 23, 2014. The parties continue to dispute issues relating to the viability of plaintiffs' damages calculations. More specifically, although the law relating to these calculations is not disputed, the parties disagree about whether plaintiffs' expert, Dr. DeRamus, has applied the law correctly to the facts of record. At this late stage of the proceeding, I decline to review Dr. DeRamus' expert report in the detail required to determine whether he correctly calculated his "lost profits" damages figure or plaintiffs' "enterprise value." I will be in a better position to judge defendant's concerns at the conclusion of Dr. DeRamus' trial testimony. Consistent with my practices, all experts are bound by

the scope of their expert reports, which (inconsistent with my practices) I shall have on the bench to promptly resolve any related objections. Counsel, however, should keep in mind that any such objections and the time used to resolve them will be deducted from their trial time.

    2. Defendant also seeks to exclude lost profit damages after April 7, 2005, based on an International Trade Commission ("ITC") opinion and order of the same date, relating to prohibiting the importation and sale of certain transmissions found to be infringing. Defendant raised this issue for the first time at the pretrial conference. Moreover, plaintiff points to an ITC Advisory opinion dated January 10, 2006, confirming that plaintiffs' redesign negated the infringement issue. This information has been available to defendant, indeed, defendant filed the complaint with the ITC. Without reaching the substantive arguments made by either party, the court denies defendant's request to exclude lost profit damages on this ground, as such request is based on information available to defendant which has not been vetted through discovery. This issue is not properly raised mere weeks before trial. An order shall issue.

                                                                             *[signature]*
                                                                  United States District Judge